OPINION of the Court, by
Judge Logan.
Thomas. Dobyns, who had been the sheriff of Mason comity, having after the expiration of his term of service exercised the power and duties incident to the office, in selling land and collecting money due to the commonwealth for the arrearage of taxes, by virtue of a delinquent list transmitted through mistake to him by the auditor of public accounts'; in the years 1800 and 1801, the legislature passed laws for the relief of those who had been induced innocently t® make payments to said Dobyns under a *63 belief that he was legally authorised to collect the sáme, by directing a credit ⅛ favor of such persons for any taxes due írom them to the commonwealth.
The »»⅛⅛ £“s^e
By the provision thus made, certain requisites wepfr; demanded as the evidence of right to entitle any to the benefit of the law upon the oath of the applicant. All of which seemed to have been complied with on the part of M’Gowan, who as the deputy sheriff of Montgomery county received considerable credits in the. settlement of the revenue from that county, on account of payments appearing to have been made to Dobyns for certain lands, stated to have been sold by him for the taxes as aforesaid.
These payments appearing to the legislature aftér» wárds to be groundless, anda, base fraud practised upon the government by M’Gowan and Dobyns $ in the year 1809, they passed an act directing the attornies for the cSmmonwealth in certain counties, to institute suits for the recovery of said monies back from M’Gowan, &c.
An action on the case was accordingly brought, in %e same year, against M’Gowan, to which he plead the general issue, and the statute of limitations. To the ferst piea1 there was a joinder j to the second a démur-repj Which the court bélów overruled, and determined that the action Was barred by the statute of limitations. So that the only question for the consideration of this court, is as to the correctness of that decision.
By the statute of limitations “ all actions of account, and upon the ease,” (with "the exception of certain cases, not embracing the present case) are required to he brought within five years next after the caus§ of action accrues. Is the commonwealth concluded by this statute ?
The maxim of the common law is, that « nullum tern-1 pus occurrit régi ” Besides it is a settled principle that the king is not bound by a statute, without being expressly named. ,
How far these principles are applicable, to the corns nwmweálth, is a question proper for examination. Pre* rogatfe£r belonging to the king,, relating merely to Ms person; are clearly inapplicable to this government or itá dificers. :Bfitgeneral principles of law, founded upon éjonMderations 6f public good, which apply to the king táá the head of tbe$ángdoia, and which remain pgURpeaE» statute, áre oertainly'entitled to respect^ i| not to ffie5 weight if Authority. '
*64 The same reason and public policy which excluded the operation pf thé statute of limitations in Éngland,' containing provisions similar to that of our ow n, w ill be found jfotleSs applicable as relates to our own government. If time in that country was so necessarily devote# to public purposes, as to prevent the running of thé' statute to the prejudice of the crown and public utility i so in this, it may be equally important to the com-ñáonw’éalth; and for Want of vigilance and attention iir officers of the government, not less necessary to the public good.
By the Common law, the statute of limitations did riot run against the king. And the common law being adopted as the law of this country, where it applies, and has not been repealed by .Statute ; which in this pespect riot having been done, it would seem to follow^ therefore, that the principles in relation to public good and general convenience, are to be recognized ás law, as well as those maxims regulating private rights. If we have a statute using general terms, without exempting the commonwealth $ so had that government From which Oriri general system of jurisprudence lias beeri drawn. Arid as general provisions regulating private rights, without naming those belonging to the government or the king its head, did not apply to him ; so here in regulating the private rights of cur citizens, it seems a just presumption, that the interest of the commonwealth Was not intended to be likewise embraced.
The same principle has been recognized by the court of appeals in Virginia, ás applicable to that Commonwealth — See 1 Hen. 85,4 Hen. 57.
But again, it may be questioned whether the running of the statute of limitation can be admitted in the present case upoxi another ground.
Although the right existed in the commonwealth against the defendant, to the money which had been; thus improperly and fraudulently drawn from her; yet* it was riot until 1809, that the remedy'Ho recover it. was speciallyjgiven. By that act such a remedy is provided. The right existed before, but without such special remedy. UpAn no officer Was the power of instituting aqd carrying on a suit injoin ed by law. Theré was no one in whom the right of action indubitably vested capable of suing; and rintil there was sorifo person in whom the right clearly vested) there waS ⅛>⅛ ágpinsí *65 the statute ;was to run — See 4 Bac.’&br. 479 — and Beauchamp, adm’r. vs. Mudd, vol. 2, 537. Tor although the right was in the commonwealth, it lay dormant, and must necessarily do so, until some active agent was created and recognized by law as having the right to sue.
But if the statute of limitations operates only upon the remedy in personal actions, and not upon the right, as was virtually determined in the case of Graves’s adm’r, vs. Graves, (vol. 2, 207) it would follow as a necessary consequence, that the act of 1809, would operate as a repeal or suspension of that statute in relation to the present case. The remedy only being barred, the le-glslaturc were competent to rempve the obstacle by fur. pishing anew remedy : ard whether this is d'ne hy a repeal of the statute, or by giving a new law, posterior, and consequently paramount to the old one, cannot be material in testing their power to do so.
Upon either of the several grounds, therefore, we think the circuit court erred; and the judgment must be reversed with costs, and the cause remanded for furt tber proceedings.