## PAGE AND WIFE *vs.* MATTHEWS' ADM'R.

[SALE OF DECEDENT'S LANDS FOR EQUITABLE DIVISION.]

1. *Limitation of appeal.*—The act of the legislature approved on the 1st February, 1866, which gives an appeal from any decree of the probate court rendered between the 11th January, 1861, and the 25th September, 1865, at any time within six months after the passage of the act, (Session Acts, 1865-6, p. 64,) applies to decrees from which appeals were already barred at the passage of the act; and this application of the statute is not obnoxious to any constitutional provision, as taking away or impairing vested rights.

2. *Ratification of judgments by ordinance of State convention, as affecting right of appeal.*—The ordinance of the State convention, No. 26, adopted on the 28th September, 1865, by which judgments and decrees rendered after the 11th day of January, 1861, were ratified, expressly declares that such ratification is "subject to the right of appeal according to law"; and this exception or restriction applies to appeals granted by subsequent statutes, as well as by the statutes then of force.

APPEAL from the Probate Court of Russell.

IN the matter of the estate of Matthew Matthews, deceased, on the application of Milton J. Moore, the administrator, for an order to sell the real estate for the purpose of making a fair and equitable division among the heirs-at-law. The petition was filed on the 21st September, 1864. An order for the sale of the lands was made on the 14th November, 1864. The sale was made under the order, and was reported to the court on the 1st December; but the court refused to confirm it, and ordered a re-sale. A second sale was made on the 2d January, 1865, which was reported and confirmed on the 9th January, 1865. On the 25th June, 1866, Mrs. Rutha F. Page, who was one of the distributees, and John R. Page, her husband, sued out an appeal from the order of sale. A motion to dismiss the appeal was submitted on the part of the administrator, on the ground that the appeal was barred by the statute of limitations.

STONE, CLOPTON & CLANTON, for the motion.

RICE, SEMPLE & GOLDTHWAITE, and GEORGE D. & G. W. HOOPER, *contra.*

A. J. WALKER, C. J.—The decree of the probate court in this case was rendered on the 14th November, 1864. The appeal was taken on the 25th June, 1866 ; and a motion is made to dismiss it, upon the ground that it is barred by the statute of limitations.

On the 21st February, 1866, an act was approved, which is in the following words : "From any decree or judgment of the court of probate, rendered since the 11th day of January, 1861, and prior to the 25th September, 1865, any person having an interest therein, and aggrieved thereby, may appeal therefrom, in the manner, and to the circuit or supreme court, as now prescribed by law, at any time within six months after the passage of this act." This appeal is embraced within this law, and is authorized by it. Its effect is sought to be avoided by the argument, that the appeal was barred before the passage of the law, that the preclusion of an appeal by the statute of limitations was a vested right, and that it was incompetent for the legislature to take away such vested right by a restoration of the appeal.

The argument fails in consequence of the incorrectness of the proposition, that the bar of the statute of limitations is a vested right. The precise question was involved in *Jones v. Jones*, (18 Ala. 248,) where it was decided, that a bar completed in favor of the defendant, under the laws of another State, in which he had resided, was not available to him in this State, after his removal to it. If the bar were a vested right, it would accompany its possessor whithersoever he might go, and certainly could not be lost by a removal into another State. A collection of authorities upon the subject will be found in Angell on Limitations, ch. viii ; and see section 66, note 3. Judge Story at one time, looking to reason rather than precedent, seemed to favor the proposition, that there was a vested right in the bar ; but it was yielded, and the supreme court of the United States have rejected it in several cases.

2. It is contended, also, that the decree is ratified by the

ordinance of the convention adopted on the 28th September, 1865, (No. 26,) and that it therefore can not be the subject of an appeal. The ratification is expressly made subject " to the right of appeal," and therefore the right of appeal can not be excluded by the ordinance. We can find no reason to support the argument that the right of appeal, to which the ratification is subordinated, refers to the statutes then existing and giving appeals. The language is as well adapted to embrace appeals under subsequent statutes, as under those then existing.

The establishment, repeal, or alteration of the law of limitation, as to time of appeals to the supreme court, is not referrible to an authority to affect the jurisdiction of this court, as established by the constitution. The concession of a legislative power to increase or abridge the jurisdiction of this court, as established by the constitution, is not made, or intended to be made, in this opinion. The jurisdiction of this court is exercised "under such restrictions and regulations  *   *   *  as may  *   *   *  be prescribed by law." The fixing and altering of the period of limitation . to appeals is but an exercise of the power to regulate the jurisdiction of this court, not the assumption of a control over it.

When the statute of limitations operates to vest a title to property in the adverse possessor, a different principle from that which is announced in this opinion may apply; and we do not wish to be understood as deciding, that a title to property, resulting from adverse possession, could be divested by any act of legislation.

The motion to dismiss the appeal is overruled.