### EVERETT *v.* SMITH *& a.*

The two years statute of limitations provided by U. S. Rev. St., *s.* 5057, as a defence against actions by an assignee in bankruptcy, is not suspended by the death or disability of the first assignee, if the cause of action accrued and the statute began to run in his lifetime or while he had the capacity to act.

The statute, if pleaded, is a bar to an action brought by an assignee in bankruptcy more than two years after the assignment to set aside fraudulent conveyances concealed from the plaintiff but known to a former assignee who had deceased within two years after the assignment to him.

BILL IN EQUITY, by an assignee in bankruptcy for the reconveyance of certain real estate alleged to have been conveyed by the bankrupt to one of the defendants, and by her to the other in fraud of the bankrupt's creditors, and for the surrender and annulment of the deeds under which the defendants claim title. The defendants pleaded the federal statute of limitations, as applied to suits of assignees in bankruptcy, and the plaintiff replied the concealment by the defendants of the fraudulent acts complained of until within less than six months of the time of filing the bill. Upon issue joined and tried by the court, it was found that after due proceedings John V. Barron was appointed assignee, and took the official assignment of the bankrupt's estate, Aug. 21, 1877. He performed the duties of the trust until March 6, 1878, when he died, and the plaintiff was appointed assignee to succeed Barron Sept. 13, 1878, and filed this bill April 19, 1880. Barron, the first assignee, had full knowledge of the defendants' title to the land, and of all deeds and transactions upon which that title was founded, and took no measures to recover the land for the creditors. The plaintiff, the present assignee, was not informed of the state of the title until a short time before the suit was commenced. A decree for the defendants dismissing the bill was ordered, and the plaintiff excepted.

*Pike & Parsons* and *Barnard & Barnard*, for the plaintiff.

*J. Y. Mugridge, C. C. Rogers*, and *H. S. Clark*, for the defendants.

ALLEN, J.   The cause of action does not accrue and the statute of limitations begin to run until there is some person in being and not under legal disability who can sue or be sued.   *Davis* v. *Garr*, 6 N. Y. 124; *Dunning* v. *Bank*, 61 N. Y. 503; *Sanford* v. *Sanford*, 62 N. Y. 555; *McDonald* v. *Walton*, 1 Mo. 726; *Polk* v. *Allen*, 19 Mo. 467; *Ruff* v. *Bull*, 7 H. & J. 14; *Com.* v. *M'Gowan*, 4 Bibb 62.   Nor in cases of fraud does the statute commence to run until the injured party has knowledge, or by reasonable diligence might have knowledge, of the fraudulent acts complained of. *Bailey* v. *Glover*, 21 Wall. 342.   But when the bar of the statute has once attached or commenced to run, no subsequent event or disability not expressly excepted by statute will arrest its force or suspend its operation.   Bac. Abr., Lim. (E) 6; Wood Lim. 8–10, and notes; *Hogan* v. *Kurtz*, 94 U. S. 775; *Allis* v. *Moore*, 2 Allen 306; *Currier* v. *Gale*, 3 Allen 328; *Rogers* v. *Hillhouse*, 3 Conn. 398; *Bradstreet* v. *Clarke*, 12 Wend. 602; *Wenman* v. *Ins. Co.*, 13 Wend. 267; *Conover* v. *Wright*, 6 N. J. Eq. 613; *Pinckney* v. *Burrage*, 31 N. J. Law 21; *Hogg* v. *Ashman*, 83 Pa. St. 80; *Granger* v. *Granger*, 6 Ohio 35; *Smith* v. *Newby*, 13 Mo. 159; *Rhodes* v. *Smethurst*, 4 M. & W. 42.

The statute relied on by the defendants (U. S. Rev. St., s. 5057) provides that " No suit, either in law or equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee." No exception in this statute is made in favor of persons under disability, nor is there any provision for breaking the bar of time or suspending the running of the statute in case of the death of a party or other event after the action has accrued and the statute begun to run.   If there was any fraudulent conveyance to which the bankrupt and the defendants, or either of them, were parties, it must have been before the appointment of the first assignee, and the statute began to run as soon as he became informed of the facts.   The cause of action having accrued, and the statute having begun to run in the lifetime of the first assignee, its operation was not suspended by his death. Though by that event the bankrupt estate was left for a time unrepresented, and, until the appointment of the plaintiff, no person was legally empowered to bring a suit in its favor, there were assignees in being more than two years before the bill was filed and after the cause of action became known and accrued to the first assignee, and the statute is a bar to the action.   A different

construction might, and frequently would, lead to a repeated, indefinite, and even perpetual suspension of the bar of the statute. One assignee might resign within the two years, and his successor resign within his two years, and so on without limit, and no opportunity to plead the statute, or compel accusing creditors to prosecute their claims and terminate vexatious controversies, would ever be given.

*Exceptions overruled.*

STANLEY, BLODGETT, and CARPENTER, JJ., did not sit: the others concurred.