## McCALLUM, et al v. SIMON, et al.
### No. 67-C-3643.
Circuit Court, Palm Beach County.

April 30, 1968.

Frederick B. Hollingsworth, West Palm Beach, for petitioners.

Jones, Adams, Paine & Foster, West Palm Beach, for respondents.

JAMES R. KNOTT, Circuit Judge.

By petition filed in this court September 25, 1967, for writ of certiorari, petitioners seek to have reviewed an order of the Palm Beach County Board of Adjustment entered July 27, 1967, granting application of respondents Don G. Grannis and Ethel M. Grannis for a variance from the requirements of certain Palm Beach County zoning regulations.

The cause is before the court upon motion of the respondent board of adjustment to quash the petition on the ground that it was not filed within thirty days after the filing of the decision of the board of adjustment and hence is not timely, so that this court lacks jurisdiction to entertain the same.

Section 18(a) of the Special Act under which the Palm Beach County Board of Adjustment was created, Florida Session Law 57-1691, provides that a person "aggrieved by any decision of the board of adjustment may present . . . a petition . . . setting forth that such decision is illegal . . . Such petition shall be presented to the court within thirty days after the filing of the decision of the board of adjustment."

Petitioners contend that the rules of the Supreme Court of Florida supersede the thirty-day statutory provision and place particular reliance on §59.081, F. S., which provides—

"All statutes fixing the time within which . . . petitions for certiorari . . . shall be filed, shall stand repealed upon the effective date of the adoption of such rules by the Supreme Court . . . This act shall be effective on September 1, 1967."

It does not appear that the Supreme Court has implemented the provisions of §59.081, F. S., by the adoption of rules since the passage of the statute in 1967. In considering whether the sixty-day limitation prescribed by Rule 1.640, Rules of Civil Procedure, which was in effect prior to the passage of the statute, supersedes the thirty-day provision prescribed by the Special Act mentioned above, it may be observed that in the present case the thirty-day limitation had already passed at the time the statute became effective on September 1, 1967. Thus, the question is whether the statute *revived* petitioners' right to certiorari after the expiration of the thirty-day period.

On this subject 4 Am. Jur. 2d, *Appeal and Error* §300, states— "Statutes validating an appeal taken after the time to appeal has elapsed have been held unconstitutional and void as in derogation of vested rights, although the contrary view has also been taken." As authority for the "contrary view," the case of Alvord, Kellogg & Campbell v. Little (1877), 16 Fla. 158, is cited. Therein the appeal had been "taken" but not perfected by the necessary supersedeas bond. Other circumstances combined to remove that case from the operation of the principle usually followed, e.g., much of the court's reasoning was based on the fact that a party was required to take an appeal within a relatively short time *or* could take a writ of error within a longer two-year period of time. See 2 Fla. Jur., *Appeals,* §5. No reasons are made to appear why the present case should not be subject to the usual rule against revival of right to certiorari or appeal after date of expiration, cited above.

It is therefore ordered that the motion of the respondents to quash the petition for certiorari is granted.