### Gordon v. Hurt & Petty, et al.

(Decided November 16, 1923.)

#### Appeal from Allen Circuit Court.

1. Dismissal and Nonsuit—Answer Not Dismissed for Insufficiency. The court should not dismiss an answer on the ground that it does not state a cause of defense, or states one imperfectly, but should give the defendant an opportunity to further plead.

2. Mines and Minerals—Personal Judgment on Lien Claim Against Lessees' Successor Held Error.—In well driller's action to enforce a lien, under Ky. Stats., section 2463, the court erred in rendering

a personal judgment against lessees' successor in interest for the amount of the indebtedness contracted by lessees.

RODES & HARLIN for appellant.

OLIVER & DIXON and W. D. GILLIAM for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

Appellees, Petty and Hurt, were oil well drillers operating in Allen county. In February, 1921, they entered into a verbal contract with appellant, Noethiel Oil and Gas Company, a corporation, to drill two wells for it at the price of $3.50 per foot. A third well was drilled by them for the same company at $2.50 per foot, all being completed by June 21, 1921, according to the averments of the petition. The company being unable to pay it executed and delivered to the appellees three notes, one for $500.00 and two for $1,000.00 each, a total of $2,500.00. After the execution of the notes appellees did other drilling for the company, and this is represented by an open account for $725.00.

This suit was commenced against the company and E. D. Noe, C. R. McAllister and Chas. Gordon, to recover of them and each of them the sum of $3,225.00 upon the three notes and the open account due for drilling as set forth above. In the petition are the following averments:

"The plaintiffs aver that they are entitled to a judgment against the defendant, Noethiel Oil & Gas Company, and against E. D. Noe, C. R. McAllister and Chas. Gordon, each of whom were stockholders and interested in said Noethiel Oil & Gas Company at the time they entered into a contract for the drilling of said three wells."

The notes, which all read the same, are signed "Noethiel Oil & Gas Co., by E. D. Noe, president; by C. R. McAllister, secretary." The drilling was all done for the company. The petition set forth grounds in an imperfect way for an attachment and also attempted to assert a mechanics' lien under section 2463, Kentucky Statutes, upon the leasehold by reason of the improvement made by drilling the wells.

Mrs. Addie C. Noe filed her petition to be made a party and set up her claim against the company for $11,050.00 represented by notes, and sued out an attach-

ment against the property of appellant. Later Chas. Gordon filed his general demurrer and separate answer. In the first paragraph of his answer he traversed some of the material averments of the petition. By the third paragraph he asserted a mortgage lien upon the property of the company to the extent of $32,000.00, and by a subsequent paragraph a mortgage lien of $4,000.00, a total of $36,000.00, and prayed that the said leasehold together with the property of the defendant company be subjected to his mortgage liens, and sold to satisfy his indebtedness; that his said liens be adjudged prior and superior to the lien of appellees. At a later date Gordon, Noe and McAllister filed a joint answer traversing the averments of the petition. After all this had been done appellants filed a motion to dismiss the separate answer of Charles Gordon, on the face of the papers and in support of the motion averred that the answer of Gordon pleaded and relied upon two certain mortgages set out and shown in the answer as prior and superior to the claim of the plaintiffs, and averred that the plaintiff filed a mechanics' lien in the office of the clerk of the Allen circuit court on June 17, 1921, a copy of which lien was filed and made a part of the motion; and, further, that on the 5th of July, 1921, the appellant Noethiel Oil and Gas Company assigned and transferred to said Chas. Gordon all of its property and leaseholds but that at the time of said assignment the mechanic's lien of appellees was of record and known to Gordon at the time he accepted and took said assignment of the property of the company. This motion was sustained by judgment of the court reading: "This day the above styled case was submitted to the court upon the motion of the plaintiff herein and dismissed the answer of the defendant Chas. Gordon, and it appearing that in support of said motion that the plaintiff filed certain copies of the record which is found in the Allen county clerk's office shows that on July 25, 1921, the property upon which defendant Gordon claims to have a mortgage lien was *absolutely assigned* and *transferred* and *conveyed to the said Gordon.* It further appearing to the court that at the time of said assignment the lien of the plaintiffs herein was of record in the county clerk's office of Allen county, and the court being sufficiently advised is of the opinion that said motion should be sustained and the answer of the defendant Charles Gordon herein dismissed. It is therefore the judgment of the court that the answer of the said Charles

Gordon be and the same is hereby dismissed and the plaintiffs, Hurt & Petty, are hereby given a judgment against said Charles Gordon for the sum of $3,225.00, with interest from June 1, 1921, until paid, together with all their cost herein expended, and may have execution, to which judgment and ruling of the court defendant, Charles Gordon, objected and excepted and prays an appeal to the Court of Appeals of Kentucky, which is granted.''

The case had not been submitted for judgment at the time of the entry of the order dismissing appellant Gordon's answer. We know of no rule which allows a court to dismiss the answer of the defendant because it does not state a cause of defense or states one imperfectly. At any rate, a defendant should be given an opportunity to further plead. In no event should the court have entered a personal judgment against Gordon for the amount of the indebtedness of the company. So far as the petition is concerned it contains no averment which would support the judgment, and as there was no proof, the judgment was erroneous, not only for want of allegation but for supporting evidence.

The parties have not pleaded to an issue, and upon a return of the case to the circuit court permission should be given for a joinder of issue. For the reasons indicated the judgment must be reversed for proceedings not inconsistent with this opinion.

Judgment reversed.