## Gordon v. House, et al.

(Decided November 16, 1923.)

## Appeal from Allen Circuit Court.

1. Mines and Minerals—Validity of Mortgage Not to be Adjudged, where no Issue made, in Suit to have Lien Adjudged Against Lease.—In a proceeding under Ky. Stats., section 2463, to have a certain sum adjudged a mechanic's lien on an oil and gas lease, where there was no issue made in the pleadings on the validity of a mortgage regular on its face, the court was without jurisdiction to hold the mortgage invalid, or to adjudge the mechanic's lien filed after its recording prior and superior to it.

2. Mines and Minerals—Lien of Mortgage on Oil and Gas Lease Held Superior to Mechanic's Lien.—A mortgage on an oil and gas lease

was superior to a mechanic's lien filed after the making of the mortgage and its entry of record, even though the work on the lease was done prior to the making of the mortgage, under Ky. Stats., section 2463.

RODES & HARLIN for appellant.

HARPER & DENTON and W. D. Gilliam for appellees.

Opinion of the Court by Chief Justice Sampson— Affirming in part and reversing in part.

The judgment in this case must be reversed because not supported by averments of the pleadings and for the further reason no issue was joined or question made upon the validity of the mortgage made by the Noethiel Oil & Gas Company to Chas. Gordon, and upon which Gordon now relies for a lien upon the oil and gas lease on the Oliver lands. The petition of appellee, L. T. House, avers that in January, 1921, he entered into a contract with the Noethiel Oil & Gas Company to drill wells on the Oliver lands in Allen county on which the defendant company at the time held and owned an oil and gas lease; that he was to receive $3.50 per foot for drilling the wells, and $30.00 per day for delay; that the company was indebted to him in the sum of $3,113.87; that he carried out the contract by drilling the three wells, thus improving the property of the company, and on May 28, 1921, filed in the office of the clerk of the Allen county court an itemized statement of the account with proper affidavit, and asserted a lien on the leasehold estate for the improvement and betterment thus made upon the lease by the drilling of the three wells. The prayer is for the sum of $3,113.87 and that the plaintiff, House, be adjudged a mechanic's lien on the Oliver lease with its improvements for the satisfaction of his claim under section 2463, Kentucky Statutes. Oliver answered and denied the indebtedness of the company to House, and in a second paragraph set up a mechanic's lien against the Oliver lease, being the same property upon which appellee House asserted a lien, the debt of Oliver being fixed at $5,236.00. This lien was filed in the clerk's office January 14, 1921. Copies of the affidavit and liens filed with the county clerk are made exhibits to the answer. Then came appellee, Chas. Gordon, and filed a general demurrer and separate answer. He asserted a lien by mortgage on the Oliver lease with improvements to the

amount of $32,000.00, and a second mortgage for $4,000.00 of date January 12, 1921, which mortgage was recorded on January 26, 1921, in the proper office. Addie C. Noe also filed a general demurrer to the petition and separate answer asserting a mortgage.

There was no reply filed, and by agreement of the parties the affirmative allegations of the several pleadings were controverted of record. Only two or three witnesses were introduced, but all of the alleged liens and mortgages were filed and made a part of the record.

With the record in this condition the court adjudged that the defendant Oliver has a superior lien to that of plaintiff House on the leasehold for the amount of $5,236.00. It is also adjudged that House have and recover of the defendant, Noethiel Oil & Gas Company, the sum of $2,633.87. It is further adjudged "that plaintiff, L. T. House, having filed his mechanic's and materialmen's lien as alleged in the petition and shown in the prayer therein, he has a lien on the hereinafter described property, subject to, however, and inferior to the lien of defendant, W. E. Oliver, as above adjudged, and is entitled to the enforcement of his lien and to a sale of said leasehold and the proceeds to be applied to the payment of the W. E. Oliver lien interest and cost and then to the payment of plaintiff's debts, interest and cost and the balance of the proceeds of said sale, if any, will be held by the commissioner herein." The court declined to adjudicate the rights between Gordon and Mrs. Noe, or of any other party interested in any surplus arising from the sale, if any. In concluding the judgment he adds:

"The court adjudges that the lien of plaintiff, House, is superior to the lien asserted and claimed by defendants, Charles Gordon and Addie C. Noe."

Inasmuch as there was no issue made in the pleadings upon the validity of the mortgage of appellant Gordon, and it being regular on its face, the court was without jurisdiction to hold it invalid or to adjudge the mechanic's lien filed long after the making of the mortgage and its entry of record, prior and superior to the mortgage, even though the work on the lease was done prior to the making of the mortgage, for we have held in numerous cases that the lien does not relate back to the time of the doing of the work but runs only from the filing of the lien in the clerk's office as provided by 2463, Kentucky Statutes. Trust Company of America v. Casey, &c., 131 Ky. 771.

The Gordon mortgage, unless found to be unenforceable or invalid for some reason, must prevail over the mechanic's lien filed after the mortgage is recorded unless a valid estoppel be pleaded and supported by evidence.

Appellee Oliver's lien for $5,236.00 was made out and dated January 4, 1921, but was not recorded until January 22, 1921, Appellee House, plaintiff below, entered into a contract to drill three wells for the company January 14, 1921. His claim is for $3,113.87, but he did not file a lien in the office of the clerk of the county court until May 28, 1921.

On January 14, 1921, the mortgage to Gordon for $32,000.00 was executed; at the same time a mortgage for $4.000.00 was executed by the company to Gordon. These mortgages were recorded January 26, 1921. They were, therefore, subsequent to Oliver's lien recorded January 22, 1921, but prior and superior, in matter of time, to the claim of House.

For the reasons indicated the judgment is reversed in that part which holds the Gordon mortgage subordinate to the lien claim of House, &c., with directions to the lower court to allow the parties to plead to an issue upon the questions presented by the evidence and to take additional evidence, if they desire to do so within reasonable limits to be fixed by the trial court.

Judgment affirmed as to priority of Oliver lien.

Judgment affirmed in part and reversed in part.