## Meffert v. House, et al.

(Decided November 1, 1927.)

### Appeal from Allen Circuit Court.

1. Mines and Minerals.—Where, in pursuance of a court order, the properties of an oil company were sold to satisfy creditors' liens, they could not be taken from the purchaser and sold again by virtue of a resale order made.

2. Mines and Minerals.—Where, in pursuance of a court order, the properties of an oil company were sold to satisfy creditors' liens and their rights were thereafter altered, the court should not have ordered a resale thereof, but should have adjudicated creditors' rights on the basis of the sale already made.

3. Attachment.—Where, in pursuance of court order, properties of an oil company were sold to satisfy creditors' liens and appeal from the court's order was taken only upon the question of creditors' priorities, the bondsmen of an attaching creditor, who had held possession of property under a forthcoming bond given in pursuance of Civil Code of Practice, sec. 214, until he surrendered property for sale in pursuance of court order, could not be looked to by persons obtaining greater rights because of appeal, as such bond was satisfied upon surrendering the property.

RODES & HARLIN for appellant.

NOEL HARPER and A. J. OLIVER for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

In 1921 Noethiel Oil & Gas Company was operating in Allen county, Ky. It owned the W. E. Oliver and the David Read leases. Appellee L. T. House drilled three wells on the Oliver lease for it. Appellees Sam Hurt and J. H. Petty drilled three wells on the Read lease. House subsequently sued the oil company to recover the balance due him for drilling the wells on the Oliver lease and sought to enforce a mechanic's lien thereon. Hurt and Petty sued to recover the balance due them for drilling the wells on the Read lease and sought to enforce a mechanic's lien on it, and at the same time procured a general order of attachment which was levied on the Oliver lease. W. E. Oliver interpleaded in those actions, seeking to enforce a mechanic's lien to the amount of $5,236 for work done on the Oliver lease by him, for which he had not been paid. Charles Gordon interpleaded, claiming that the oil company owed his $36,000, secured by

mortgage on the leases in question. Mrs. Ada C. Noe interpleaded in those actions, asserting and seeking to enforce a mortgage lien in her favor against the leases in question for $2,700. The oil company interposed no de-fense to any of these several claims. The issues were wholly between its several creditors. Each of them sought to assert his right to priority in the distribution of the proceeds of the sale of its properties. No one questioned the right to a sale of these properties.

In January, 1922, it was adjudged that Oliver was entitled to recover from the oil company $5,236; that L. T. House was entitled to recover $2,633.87; that Hurt & Petty were entitled to recover $3,225; and they were adjudged priority in the order named. These three claims were adjudged to be prior to those of the mortgage claimants. No question was raised as to the correctness of that judgment in so far as it awarded Oliver the amount stated and priority over the other claimants. Charles Gordon, one of the mortgage claimants, prose-cuted an appeal from the judgment in both cases, that awarding House a judgment for $2,633.87 and priority over his mortgage claim, and that awarding Hurt & Petty a judgment for $3,225 and priority over his mortgage claim; and both of those judgments were reversed by this court. See Gordon v. Hurt & Petty, 201 Ky. 42, 255 S. W. 857, and Gordon v. House, 201 Ky. 45, 255 S. W. 846. Reference to those opinions will disclose that both cases were reversed with direction that the parties be permit-ted to plead to an issue on the question of priority and be given opportunity to take additional proof.

Upon the return of the cases additional proof was taken and additional pleadings were filed. The two actions were consolidated. Appellant, A. E. Meffert, was made a party defendant in both of them and interpleaded. Upon a second submission of the case the chancellor adjudged that L. T. House recover of Noethiel Oil & Gas Company $2,633.87; that Hurt & Petty recover $3,225; and that their liens were superior to the mortgage lien of Charles Gordon. It was adjudged further that they were entitled to have the Oliver lease sold and its pro-ceeds applied to the payment of their debts in the order of priority named; and the master commissioner of the court was directed to make the sale. Appellant, A. E. Meffert, alone objected and excepted to the judgment rendered and prayed and has prosecuted this appeal. No

exception was taken by the mortgage claimant, Charles Gordon, and he has prosecuted no appeal.

From the foregoing it appears, then, that of all the parties who have interpleaded herein, and who have sought to appropriate the proceeds of the sale of the properties of the Noethiel Oil & Gas Company to the settlement of their debts, it stands conceded that W. E. Oliver has a valid claim for $5,236; L. T. House has a valid claim for $2,633.87; and Hurt & Petty have a valid claim for $3,225; and that these three claims are entitled to priority in the order named.

While the former appeals in the two cases were being prosecuted by Charles Gordon, as no question had been raised as to the right of Oliver to a judgment for $5,236, and as to his right to first lien on the properties of the Noethiel Oil & Gas Company, and since the appeal did not involve the correctness of the judgment of the trial court directing a sale of the oil company's properties to satisfy its debts, but involved only the question of priority as between Gordon and House in the one case, and Gordon and Hurt & Petty in the other, the judgment directing the sale of its property, including the Oliver and Read leases, was carried into execution; the sale was had; appellant, A. E. Meffert, became the purchaser of these properties at the price of $11,500; the sale was reported; no exceptions were taken, and the sale confirmed.

Appellant, Meffert, insists that the judgment rendered herein from which he has prosecuted this appeal, which directs a resale of the Oliver lease in satisfaction of the claims of House and Hurt & Petty, is erroneous and must be reversed because these properties already have been sold herein. In this appellant is correct. In these actions by its creditors all of the properties of Noethiel Oil & Gas Company were sold and were purchased by appellant, Meffert. They cannot now be sold again in satisfaction of the oil company's debts.

The judgments of House and Hurt & Petty should be satisfied as far as may be out of the balance, if any, due by appellant, Meffert, on the purchase price of the property purchased by him herein. On the return of the case the chancellor will adjudicate the rights of the parties on the basis of the former sale, which appears to have been confirmed without exceptions; that judgment now appearing to be final.

The argument made for appellant, that appellees House and Hurt & Petty must look to the forthcoming bond executed by Charles Gordon herein when the order of attachment sued out by Hurt & Petty was levied on the W. E. Oliver lease, cannot be sustained. The property so attached was left in the possession of Charles Gordon upon his executing a forthcoming bond, in accordance with the provisions of section 214 of the Civil Code of Practice. The terms of that bond were satisfied when the property so attached, for the forthcoming of which the bond was executed, was surrendered for sale and was sold by the master commissioner under the judgment of the court herein.

For the reasons indicated the judgment herein is reversed and this cause remanded, with direction that a judgment in conformity herewith be entered.