## Daniels v. Charles, et al.

(Decided June 3, 1913.)

### Appeal from Pike Circuit Court.

1. Finding of Chancellor—Substantial Justice.—Where, upon a consideration of the whole case, it appears that the judgment of the chancellor did substantial justice between the parties, it will not be disturbed.

2. Improvements—Dower.—Claim for Against Other Lands.— Where the widow of an intestate is allotted dower and also purchases the remainder of the intestate's lands and in an action by her children, the deed to her is set aside on the ground that she was the administratrix of her husband, and the case is remanded to settle the accounts between her and the children, she cannot assert a claim for improvements erected on the land assigned her as dower.

3. Dower.—Where an intestate's land are leased before his death, and the widow is thereafter assigned dower in certain portions of his lands, she is not entitled to dower in the royalties paid on coal not mined from the dower land.

J. S. CLINE for appellant.

C. M. WHITE and P. B. STRATTON for appellees.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming on original and cross appeals.

This is the second appeal of this case. The opinion on the former appeal may be found in 140 Ky., 379, under the title of Charles, et al. v. Daniels, et al. William Daniels died in the year 1900, leaving a widow, Mary Daniels, and 13 children. He owned at his death a tract of land in Pike County, Kentucky, consisting of about 800 acres. The widow, Mary Daniels, qualified as his administratrix on April 25, 1900. She also qualified as guardian of the infant children. Soon after the death of William Daniels, the lands were partitioned, and Mary Daniels, the widow, was allotted dower in one-third thereof. Thereafter the remainder of the land was sold, and she became the purchaser. Some time later certain of the children brought suit to set aside the deed to her on the ground that she was the administratrix of her husband at the time of the purchase and could not, therefore, buy his land and hold it in her own right as against her children. The trial court set the deed aside. On appeal to this court the judgment was affirmed. In remanding the case, the court said:

"On the return of the case to the circuit court, it will be referred to a commissioner to take proof and report how the account stands between the plaintiffs and the defendant, Mary Daniels, crediting her with what she has paid, with interest from the time she paid it, and charging her with what she has received, including rents, as of the date she received each sum, as in the case of partial payments."

On the return of the case it was referred to the master commissioner to settle the accounts between plaintiffs and defendant. Defendant, Mary Daniels, filled an amended answer and counterclaim, in which she alleged that six of the children were under the age of 21 years at the time of her husband's death, and that she was entitled to recover for the support and care of each of said children for a period of eight years, and that $100 a year each was a reasonable amount for their care and support. Proof was heard, and at the May term of the Pike Circuit Court the master commissioner filed his report. He found that Mary Daniels had paid out certain sums, which, together with the interest thereon, amounted to $2,910.21. He also found that Mary Daniels had received certain sums, which, together with

the interest thereon, amounted to $2,865.38. He also concluded that the allowance of rent and the claim for maintaining the children should be offset against each other. Upon the filing of the commissioner's report, the widow filed exceptions thereto, based on the fact that she had paid out more than $2,910.21 on the debts of the decedent, and had not received as much as $2,865.38, the amount found against her by the commissioner. She also excepted on the ground that the commissioner failed to allow her the sum of $5,000, the value of certain permanent and lasting improvements which had been placed on the land. She further excepted because the commissioner refused to allow her the amount of taxes she had paid on the land. Plaintiffs excepted to the report on the ground that the commissioner failed to charge the widow with the value of 86 trees sold at $2 a tree, and on the further ground that she was not charged anything on account of rents. On the other hand, plaintiffs admitted that the widow should be given credit for the amount of taxes paid. At the September term, 1912, of the Pike Circuit Court, the widow filed an amended answer and counterclaim, in which she alleged that she had placed valuable, permanent and lasting improvements on the land in question, of the value of $5,000, and that she had paid taxes thereon at the rate of $50 a year for 12 years, amounting in all to $600. This pleading was controverted of record. Thereafter Mary Daniels filed amended exceptions to the commissioner's report, based on the fact that she was not allowed anything for the support and schooling of her infant children. Later on, she tendered and offered to file another amended answer and counterclaim, wherein she pleaded that she and her husband, some years before his death, had leased, for a certain royalty, all the coal in and under the tract of land in question to J. K. Anderson, who had thereafter assigned his lease to the Thacker Coal Mining Company; that said lease was entered into by her and her husband before his death, and that she was entitled to one-third of all the royalties on coal mined and shipped from the land. A certified copy of the lease executed by Mary Daniels and William Daniels in William Daniels' lifetime was tendered and offered to be filed with the amended answer and counterclaim. The court, refused to permit the amended answer and counterclaim to be filed. On final hearing, the court confirmed the report of the commissioner, and ad-

judged that Mary Daniels should recover $44.83, and that the rents and expenses of maintaining the children should be offset against each other. The court further adjudged that Mary Daniels had received on June 6, 1906, $272 for 86 oak trees, and that this should be offset against the taxes she had paid on said land. From this judgment Mary Daniels appeals, and plaintiffs prosecute a cross appeal.

We think it reasonably certain that Mary Daniels actually received certain sums which, together with the interest thereon, aggregated the sum of $2,865.38, the amount found by the commissioner and confirmed by the chancellor. There is testimony to the effect that the sums aggregating the above amount were either paid to her or paid to others by her direction. Even her testimony fails to show the contrary.

The court properly refused to allow Mary Daniels anything on account of improvements. The improvements were not made on the land in controversy, but on that part of the land assigned to her as dower. She could not improve the dower land, or purchase improvements made thereon by others, and claim a lien therefor on the remainder of the land.

While it is true that a widow may be endowed in a mine already opened, and it has also been held that where a valid lease was made by the husband in his lifetime, she is entitled to dower in the royalties, this rule applies only in the event the royalties are paid on coal mined from the land of which she is endowed. Priddy v. Griffith, 150 Ill., 560, 41 Am. St. Rep., 397. In the present case no coal has been mined from the dower land. Should any coal be mined there in the future, she may present her claim in an independent action.

While under the facts of this case Mary Daniels was not entitled to compensation for the support and maintenance of her infant children, yet she should not be charged with rent in their favor when they occupied the farm with her and derived their support from its cultivation. It also appears that certain of the older of plaintiffs occupied the farm in question during a portion of the time that their mother was in possession, while others visited her with their families and remained there for different periods of time. Taking into consideration these facts and the further fact that the taxes, though the amount proved is not very certain, probably exceeded the value of the timber which the

court erroneously fixed at $272 instead of $172, we conclude that the judgment of the chancellor does substantial justice and should not, therefore, be disturbed.

Judgment affirmed both on original and cross appeals.