## Associated Producers' Company v. Board of Supervisors of Estill County.

(Decided March 25, 1924.)

### Appeal from Estill Circuit Court.

1. Constitutional Law—Not Presumed that Legislature will Pass Unconstitutional Act.—It cannot be presumed that the General Assembly intended to pass an unconstitutional act or one which contravenes fundamental law.

2. Taxation—Statute Held Not to Exempt Oil Wells on Lease from Valuation for Purposes of Taxation.—Ky. Stats., section 4223c-1, does not exempt oil wells on a lease from valuation as a part of the lease for purposes of taxation, for if it did so it would contravene the Constitution; such statute imposing a mere production or license tax, and Constitution, sections 171 and 172, requiring that all property of value must be assessed for ad valorem taxation.

B. R. JOUETT for appellant.

JOHN W. WALKER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

The appellant, Associated Producers' Company, owned a large acreage of oil and gas leases in Estill county in 1921, on which there were a number of producing wells, which it assessed for purposes of taxation at a valuation of $6,112.00. When the county board of supervisors met in April, 1922, it raised this assessment to $30,450.00, basing the raise upon the admitted fact that the Producers' Company had merely listed the leases without the producing wells, and had omitted the producing wells on the property, in pursuance to the construction which the oil company put upon section 4223c-1 Kentucky Statutes, which reads in part:

"Every person, firm, corporation or association producing crude petroleum oil in this state shall, in lieu of all other taxes on the wells producing said crude petroleum, annually pay a tax equal to one per centum (1%) of the market value of all crude petroleum so produced and such tax shall be for state purposes, and in addition, any county in the state may impose a like tax for road purposes, county purposes or school purposes not to exceed one-half of one per centum (1%) of the market value of all crude petroleum produced in such county."

There is no controversy about the facts. The company admits it did not list the wells, and further admits that if the wells be listed as a part of the lease the valuation fixed by the board of supervisors, $30,450.00, would be reasonable for purposes of taxation. The company appealed to the quarterly court, where the assessment made by the board was upheld. It then appealed to the circuit court with like results, the judgment in part reading:

"It appearing to the court that the assessment list as originally made up and filed by the Associated Producers' Company in the year 1921, for its assessment of that year, fixing the value of its oil and gas leases and mineral rights in the sum of $6,112.00.00, did not include any value for that part of said leases from which the oil is drained and produced by the producing wells, on said leased premises, and it ap-

pearing to the court that the appellee, the board of supervisors of Estill county, in April, 1922, upon a hearing duly and legally held, at which the appellant, the Associated Producers' Company, was represented, increased said assessment from $6,112.00 to $30,450.00, said increase of $24,338.00 being the value of those portions of said leased premises from which oil is drained and produced by the producing wells on appellant's leases, which value had not been included by appellant in its assessment list but which amount is conceded by appellant to be fair and just if the board of supervisors of Estill county had the right to make said increased assessment by including the value of those portions of said leased premises from which oil is drained and produced by the producing wells thereon, as said board of supervisors did, and the court being of the opinion that said oil lease and all the oil rights therein as a whole are subject to the *ad valorem* tax and that the leases included every interest of the taxpayer in the oil and minerals in said lands, and that the increased assessment, including said value as made by the board of supervisors of Estill county, was fair and just and that said board had full power and authority to make such increase as it did and that it was its duty so to do.

"It is therefore adjudged that the action of the said board of supervisors of Estill county in making said increase as it did is proper, legal and valid and that the judgment of the Estill quarterly court is accordingly affirmed."

It is the contention of the oil company that when section 4223c-1 Kentucky Statutes was enacted the legislative intention, desire and expectation was that the license tax therein provided should be in lieu of all taxation on oil leases. It cannot be presumed that the General Assembly intended to pass an unconstitutional act or one which contravenes our fundamental law. If it intended to exempt the wells from an *ad valorem* tax its wish ran counter to our Constitution, and while the desire might have been to exempt the leases from *ad valorem* taxation, the act itself did not so provide, but on the contrary provided that the production tax should be

in lieu of all other taxes "on the wells producing said crude petroleum." In other words, there should be no other license tax as we construe this language. The case of Raydure v. Board of Supervisors of Estill county, 183 Ky. 84, involved in part the same questions here presented, and the opinion in that case is relied on by appellant as authority for exempting the oil wells on the lease from the valuation thereof for purposes of taxation. That part of the opinion upon which special emphasis is laid by appellant reads:

"On a return of the case the court should hear evidence and find the fair cash value of each lease (excluding the value of each producing well thereon), estimated at the price it would bring at a fair voluntary sale and then assess it. The quantity of land that should be excluded in connection with each well we express no opinion concerning."

In relying upon the foregoing paragraph of the opinion appellant overlooks the much more important discussion, exactly in point here, which says:

"It follows from what has been said that the production tax on the oil produced is separate and distinct from the *ad valorem* tax to which the leases are subject and cannot operate to exempt them from the property tax.

"It will be noticed that according to the agreed state of facts the taxing authorities of Estill county in determining the value of the leases excluded from the territory covered by the wells five acres surrounding each producing well, and only estimated the value of the leases as covering the remainder of the leased premises. Whether the board of supervisors had the authority under the statute to make this exemption of five acres, or any number of acres, or whether more acreage should be exempted, we do not feel called upon to determine in this case, as it does not appear from the agreed state of facts that Raydure is complaining of the action of the board in exempting five acres surrounding each well."

It is clear from the statutes, section 4223c-1, no less than from the opinion in the Raydure case, *supra,* that the tax intended to be imposed was merely a production

or license tax. It could be nothing more. Under our Constitution, sections 171 and 172, all property of value must be assessed for *ad valorem* taxation, and as a well with or without its equipment is such property it is subject to an *ad valorem* tax. If the wells, separate from the lease, have value they must be subjected to an *ad valorem* tax. The section of the statute to which we have reference relates merely to a production or excise tax, so we held in the Raydure case, *supra*. That part of the opinion in the Raydure case which relates to the amount of acreage that should or could be laid off around a well as exempt is mere query or suggestion, not amounting even to dictum, for we expressly withheld opinion upon the question. That part of the opinion is now withdrawn as inapt. The judgment of the lower court upholding the assessment made by the board of supervisors conforms to the law, and it must be and is affirmed.

Judgment affirmed. Judge Clay dissenting. Judge McCandless not sitting.