## Commonwealth, By, etc. v. Robert McDonald Garrett.

### Same v. Barnes.

### Same v. McKinney.

### Same v. Mrs. Joseph M. Garrett.

### Same v. Louise Garrett.

### Same v. Williams.

### Same v. Marcum.

### Same v. Chaney.

### Same v. Puckett.

### Same v. Henderson.

(Decided March 28, 1924.)

## Appeals from Estill Circuit Court.

1. Mines and Minerals—Owner of Land May Segregate Minerals.—An owner of land may segregate the minerals under it, and thereby separate them as a distinct item of property from his land by the execution and operation of a lease of the minerals thereunder.

2. Taxation—Royalty Interest Retained by Landowners is Assessable as a Separate Item of Property.—A royalty interest of one-eighth of the oil produced on leased lands by lessees, retained by landowners leasing lands for extracting oil, is assessable as a separate item of property from the real estate, under Ky. Stats., sections 4020, 4022, 4039, and Const. section 172.

JOHN W. WALKER, M. M. LOGAN, D. O. MYATT and B. W. GILFILLAN for appellant.

Opinion of the Court by Judge Thomas—Reversing the judgment in each case.

The above cases were proceedings instituted in the county court of Estill county by the Commonwealth, through its revenue agent as relator, to require the respective appellees to list as omitted property for certain named years the royalty interest of one-eighth of the oil produced on their lands by their respective lessees to whom they had leased it for the purpose of extracting the oil therefrom, and upon whose lands the owners of the leases had actually installed oil producing operations from which the appellees were deriving the royalty under the terms of their leases. In some of the cases answers were filed denying that the property sought to be assessed was assessable as a separate item of property from the real estate owned by the answering defendants, but that if it was so assessable that it was not omitted because it had been included in the valuation placed upon the land when it was assessed by defendants for the years mentioned. The county court held that the royalty interest sought to be assessed by the proceedings could not be assessed separately from that of the land, or in other words, that it was not a separate item of property upon which the owner should pay taxes. The revenue agent prosecuted appeals to the Estill circuit court, and it decided the cases upon an agreed statement of facts by the parties without, as it appears, taking into consideration the condition of the pleadings, and that statement was: "That the defendant is the owner of a tract of land in Estill county and has leased the same for oil and gas, with the provision in the lease that all the oil and gas in and under said lands it let to the lessee, and with the further provision that the lessee shall pay and deliver to the defendant one-eighth of all the oil and gas produced and saved from the premises delivered free of cost in tanks and pipe lines to the credit of defendant, and further, that defendant has listed his said land for taxation for the period covered by the statement herein, and upon this agreed statement of facts this cause was submitted to the court to determine whether the said royalty is taxable separate and apart from and in addition to balance of the estate of defendant in said land." The court thereupon adjudged as a matter of law "that there has been no severance of the said oil royalty from the land

and that there has been no omission of said royalty from assessment for taxation and adjudges that plaintiffs' petition be dismissed," and from that judgment the Commonwealth, by its revenue agent, prosecutes these appeals.

Perhaps, in a majority of jurisdictions the character of property or interest, by whatever name called, sought to be assessed here is not taxable as a separate item of property, because, under the laws of the forum, it was conclusively presumed that its value was included in the assessment of the land by the owner and out of which the royalty interest issued; and an examination of the opinions shows that the given reason was correct under the wording of the statutes of those jurisdictions, an illustration of which is the case of State v. Royal Mineral Association, 132 Minn. 232, 156 N. W. 128, and reported in 1918A Ann. Cas. 145, which was a proceeding to tax the same character of property as is here involved. The court, however, declined to tax it separately, but it arrived at that conclusion because of a local statute saying: "Real property, for the purposes of taxation, shall be construed to include the land itself . . . and all rights and privileges thereto belongnig or in any wise appertaining, and all mines, minerals . . . under the same." The court, in its opinion, construed that statute as including in the term "real property" any royalty interest issuing therefrom; but it said: "It is not controverted that the legislature could impose a tax upon these rents or royalties in addition to the general tax upon the land. The question here is, has the legislature done so?" And the court answered its question in the negative, basing it, as we have seen, upon the statute of that state defining real property. We have no statute with such broad and inclusive terms; on the contrary, section 4022 of our statutes, in defining real estate for the purposes of taxation, says: "For the purpose of taxation, real estate shall include all lands within this state and improvements thereon," which we construe to exclude valuable mineral rights issuing therefrom and which the owner of the land has, by lease or otherwise, segregated from the land itself. Our Constitution, section 172, provides that "all property, not exempted from taxation by this Constitution, shall be assessed for taxation at its fair cash value," etc.; and section 4020 of the statutes provides for the assessment for taxation of all

real and personal estate, within this state, (Commonwealth v. Ky. Distillers and Warehouse Co., 143 Ky. 314), and section 4039 expressly requires the assessment for taxation of "mineral rights, or standing trees of any kind whatever on the lands of another, or any coal, oil, or gas privileges by lease or otherwise, or any interest therein, in this state, other than in the county in which the said owner resides," etc. However, if it should be contended that the latter statute has particular reference to the owners of mineral rights who do not also own the land (which we do not adopt as true), then it plainly manifests a purpose and intention on the part of the legislature to treat mineral rights, after the mineral product has been separated from the land itself, as a distinct item of property for assessment for taxation, and it was so held in the case of Stepp v. Pike County Board of Supervisors, 194 Ky. 176. We see, therefore, that to hold such royalty interest separately taxable, under our Constitution and statutes, is not in conflict with foreign opinions, which are exclusively based upon differently worded constitutions and statutes.

That the owner of land may segregate, entirely or partially, the minerals under it, and thereby separate them as a distinct item of property from his land, by the execution and operation of a lease of the minerals thereunder, is no longer an open question in this state. Crain v. West's Admr., 191 Ky. 1; Goosling v. Pinson, 198 Ky. 57; Kennedy v. Hicks, 180 Ky. 562; Foxwell v. Justice, 191 Ky. 749, the Stepp case, *supra,* and others referred to therein. It was so done by each of the defendants herein to the extent of their royalty rights as admitted in the record, and that the royalty right reserved is property of acknowledged value, there can be no doubt. Surely, if the owner of such royalty right should transfer it to another, which he may do under numerous opinions from this court, his transferee would have a property right that under our laws would be assessable for taxation, and the owner could be forced to assess it. That being true, we can discover no logical reason why the owner of the royalty right, after its segregation from the land, should not be required to assess and pay taxes on it although he may still also own the land, which he should do by assessing it as an independent item of his property or by increasing the assessed valuation of his land to an amount equal to the value of the royalty. Under the agreed facts

upon which the judgments appealed from were based neither method of assessment was followed, leaving the royalty right as entirely omitted from assessment for either of the years involved.

However, we are not dependent upon the foregoing reasoning in arriving at a correct conclusion, since we held in the Stepp case, *supra,* and others referred to therein, that a royalty interst issuing from mining operations was assessable as against the owner as a separate item of property, although he still owned the land. In that case the same question here presented was involved, with the only immaterial difference that the mineral in that case was coal instead of oil. Under the doctrine of that case, to which we still adhere, it necessarily follows that the circuit court erred in dismissing the proceedings. There was no evidence introduced upon the hearing upon the issue made as to the value of the respective royalty interest sought to be assessed, and it will be necessary upon a return of the cases to ascertain and fix that value for the respective years involved.

Wherefore, the judgment in each case is reversed with directions to set it aside, and for proceedings consistent with this opinion.