## Moss v. Harlan County Board of Supervisors, et al.

## Commonwealth, by, etc. v. Moss.

(Decided June 20, 1924.)

### Appeals from Harlan Circuit Court.

1. Appeal and Error—Judgment Not Disturbed, as Not Sustained, where Evidence Conflicting.—Court of Appeals is not authorized to disturb a judgment on sole ground that it is not sustained by evidence, where evidence is sharply conflicting.
2. Mines and Minerals—Taxation—Lessor and Lessee have Separate Property in Minerals Apart from Surface.—A mining lease creates in landowner and his lessee a separate property in minerals or mineral rights, apart from ownership of surface, under Ky. Stats., sections 4020, 4039, and lessor becomes liable to list and pay taxes not only on surface of his land, but likewise on mineral rights reserved or created in himself by execution of lease.
3. Taxation—Royalty Rights Under Lease Not Listed, Omitted Property.—Commonwealth was entitled to assess mineral rights in property as omitted property, where owner simply listed land, and did not list his royalty rights under mining lease, in view of Ky. Stats., sections 4020, 4039.

HALL, JONES & LEE and JAS. H. JEFFRIES for Moss.

J. B. CARTER for board of supervisors and the Commonwealth.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming the judgment in the first case and reversing in the second.

The appellant in the first case above, M. J. Moss, owned in fee simple 554 acres of coal land in Harlan county and he listed it for taxation for the year 1921 at

$10.00 per acre or $5,540.00. The board of supervisors of the county, pursuant to their jurisdiction under the law, raised the assessment from $5,540.00 to $23,000.00, and appellant prosecuted an appeal therefrom to the Harlan county quarterly court in the manner prescribed by section 4128 of the 1922 edition of Carroll's Statutes, and that court sustained the assessment made by the board of supervisors; whereupon appellant appealed to the Harlan circuit court, which rendered a similar judgment, and from it he prosecutes the first appeal in the caption to this court, and we will refer to it in this opinion as "case one."

The second case in the caption was a proceeding begun in the county court of Harlan county by the Commonwealth through its revenue agent to assess the same tract of land involved in case one for the years 1917, 1918 and 1919, as omitted property. The statement of the revenue agent was afterwards amended in which it was averred that the omitted property which defendant Moss failed to list for taxation with the assessing officer for the years mentioned was not the land or its surface, but was defendant's mineral interest therein, it having been developed by his answer that in 1911 he had leased his tract of land for coal mining purposes to another and that the lessee had transferred the lease to the White Star Coal Company and it was operating upon the land under its lease during those years, and that under the express terms of the lease the operating lessee agreed to pay the taxes (as between lessor and lessee) "on the coal rights and improvements that may be constructed on said boundary of land for the purpose of operating said lease." Following that, the answer averred that, according to defendant's best information and belief, the lessee, White Star Coal Company, in obedience to that provision in the lease contract, had paid the taxes on the mineral rights for the years involved. Appropriate pleadings formed the issues and case one was consolidated with the proceedings by the revenue agent, which we will hereafter refer to as "case two," and after evidence heard the court dismissed case two, from which judgment the Commonwealth appeals.. The two appeals have been heard together in this court, and will be disposed of in one opinion.

There were no written pleadings in case one and it was practiced below as though there had never been any

separation of mineral rights from the surface rights in the tract of land through the execution of a lease or otherwise; and the evidence heard upon the trial of that case was directed exclusively to the total value of the tract of land involved, including all mineral rights thereunder. The appellant, Moss, having chosen to practice the case in that manner, and to rest his success or defeat upon the sole contention that there was an excessive valuation of the land, including the coal thereunder, and having waived all defenses of any character of separation of the coal mineral rights from the surface of the land so as to create distinct items of taxable property (in other words, having failed to rely on the lease to the White Star Coal Company, if it was in existence at the assessing period for the year 1921) we will dispose of the appeal from the same standpoint.

Following his chosen course, he did not show by any evidence introduced that the White Star Coal Company listed or paid any taxes on any mineral rights under the land for the year involved, and the only question presented by the first appeal is whether the sum of $23,-000.00, at which the board of supervisors valued the land, was supported by the proof. That valuation, as we have seen, was upheld by both the quarterly and circuit courts of Harlan county, and while the evidence to sustain it is contradicted by the testimony of appellant, and the superintendent and general manager of the White Star Coal Company, yet we cannot say that their testimony should be given any greater weight than to produce a sharp contrariety in the proof upon the issue of correct valuation. Other witnesses, including the tax commissioner, the sheriff and others familiar with the reasonable value of the same character of land, including minerals thereunder, testified in support of the valuation fixed in the judgment appealed from, and the most that may be said with reference to the testimony as a whole is that it is conflicting. It is not of such a nature as that the finding of the supervisors and also of the quarterly and circuit courts was flagrantly against the evidence, nor are we even prepared to say that it was contrary to its preponderance. Under a well known rule of appellate practice we are not authorized in such cases to disturb the judgment upon the sloe ground that it is not sustained by the evidence, which is the only one relied on here.

The evidence heard in the circuit court at the trial of case two in the caption showed thta the defendant,

Moss, therein listed for taxation only the surface of the 554 acres of land for the years 1917, 1918 and 1919, and that at that time the lease for the privilege of mining the coal which he had executed in 1911 was in full force and effect and that the White Star Coal Company was operating on the 554 acres as lessee thereunder. It is not claimed, even by the defendant himself, that in any of those assessments he included any of the coal mineral interests that he reserved unto himself under that lease in the way of royalty rights or otherwise. The amended statement of the revenue agent, as we have seen, attempted to assess such mineral interests of defendant as omitted property for the years mentioned. That a lease of the nature and character executed by defendant, whatever other effect it may have, is sufficient to create in both himself and his lessee a separate property in the minerals or mineral rights from the ownership of the surface is quite thoroughly settled in this jurisdiction, as will be seen from the opinions in the two recent cases of Stepp v. Pike County Board of Supervisors, 194 Ky. 176, and Commonwealth, by, etc. v. Garrett, 202 Ky. 548. Prior cases from this court are referred to in those opinions. In view of them we need not enter into a discussion of the character of instrument of conveyance necessary to actually segregate the surface of land and the minerals thereunder as separate and distinct interests in the fee as an entirety, since the opinions, *supra,* in construing sections 4020 and 4039 of our statutes, say that the ordinary mining lease with a reserved royalty in the lessor has the effect to create distinct items of property for purposes of taxation in both the lessor and lessee as to the minerals or mineral rights as distinguished from the ownership of the surface; and that the lessor by the execution of such a lease becomes liable to list and pay taxes on, not only the surface of his land as the owner of the fee therein, but likewise upon his mineral rights reserved or created in himself by the execution of the lease; especially so when the lease is for a long period or for *all* of the leased mineral thereunder. That being true and the evidence showing beyond contradiction that defendant did not list for the years involved or pay taxes on his royalty or mineral interest created by his lease, but only listed for those years and paid taxes on the value of the surface of his land, the court erred in dismissing the statement filed by the revenue agent and in refusing to list for taxation the value of defendant's mineral in-

terest represented by his royalty rights for the years involved.

Wherefore, the judgment in case one is affirmed, but in case two it is reversed with directions to hear proof on the value of defendant's royalty interest created by the lease executed by him in 1911 and to assess against him the value thereof for the three years involved. .