## Meredith, et al. v. Meredith.

(Decided September 30, 1924.)

### Appeal from Allen Circuit Court.

1. Frauds, Statute of—Agreement as to Division of Oil Royalties Held Not Within Statute.—Oral agreement between widow having life estate and two sons, remaindermen, who had divided land, on execution of oil lease, to divide royalties equally between them was not within statute of frauds either as transfer of land or as contract not to be performed within year.

2. Life Estates—Agreement to Divide all Royalties Supported by Consideration.—Agreement between life tenant and two remaindermen as to division of royalties under oil lease executed by them was supported by sufficient consideration.

3. Life Estates—Remaindermen's Consent to Oil Lease Essential.—Life tenant cannot lease land and so allow oil to be drawn off without consent of remaindermen.

4. Life Estates—Remaindermen May Not Take Oil Without Life Tenant's Consent.—Remaindermen could not enter on land and disturb possession of life tenant by taking oil therefrom without her consent.

GILLIAM & GILLIAM and W. D. GILLIAM for appellants.

OLIVER & DIXON for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

The facts of this case are set out in the opinion on
the former appeal, Meredith v. Meredith, 193 Ky. 192.
It was then held that the demurrer to the defendant's an-
swer was improperly sustained. The answer alleged in
substance that it was agreed between the parties that
the royalty derived from the oil lease should be equally
divided between Mrs. Meredith and her two sons, W. R.
Meredith and J. E. Meredith, one-third to each, and that
this agreement had been omitted from the deeds by mis-
take when the two sons made deeds to each other for the
land. Whether the agreement to divide the royalty
equally between the three if in parol was valid under the
statute of frauds, was a question expressly reserved by
the court. On the return of the case the issues were made
up, proof was taken and on final hearing of the case the
circuit court adjudged the whole royalty to J. E. Mere-
dith, subject to the life estate of his mother, and adjudged
to her the interest on the fund as long as she lived.
From this judgment W. R. Meredith and the mother ap-
peal.

The uncontradicted proof shows that the mother had
a life estate in the land and that this was conceded by the
sons. They wished to improve the property and each
wished to know what part of the tract he would get so
that he could put his improvements on his part of the
land. With this end in view they had a surveyor to run a
division line across the tract and each made a deed to
the other for the land on one side of this line. The mother
was not consulted about this division, she did not sign
the deeds and it was understood and agreed that her
rights were not to be affected. None of the parties seems
at the time to have thought about putting this in the
deeds; but the fact is, this was the legal effect of the
transaction, for the mother did not sign the deeds and was
not a party to them in any way. Nothing was said then
about the oil or minerals under the land and there was no
agreement on this subject. Some years afterwards the
Allen county oil boom came along and then J. E. Meredith
proposed to lease the land for oil and had a lease drawn
which he brought home for his mother and brother to
sign. By this paper the three, as parties of the first
part, leased the land to the second parties and the second
parties agreed to pay the royalty to the parties of the
first part. The proof is conflicting as to what occurred

before this lease was signed. J. E. Meredith testified there was no agreement as to the division of the royalty. On the other hand, W. R. Meredith and his mother testified that she refused to sign the lease until it was agreed between the three that the royalty should be equally divided between them, one-third to each; that they all finally agreed to this and all executed the lease upon this agreement, but the agreement was not reduced to writing. It was in fact not omitted from the lease by mistake for the lease was drawn by the oil people before any agreement was made as to how the royalty should be divided, and it does not appear to have occurred to any of the parties that this should be inserted in the lease before they delivered it. While J. E. Meredith contradicts his mother and his brother as to this agreement, they prove by a number of witnesses declarations by him made soon thereafter, which so confirm their testimony as to leave little room for doubt of the fact.

On this proof the circuit court held that there was no evidence that the agreement as to the division of the royalty was omitted from the deeds by mistake; so the material question on the appeal is whether the parol agreement to divide the royalty is within the statute of frauds. In 25 R. C. L. 540, the rule is thus stated:

"As a general rule, a contract relating to the disposition of the proceeds of land, in case of its sale, is not one for an interest in the land and may be enforced, though not in writing, after the land has been sold. Thus, where one conveys land to another under a verbal agreement that he will sell it and pay over the proceeds to the grantor, it is held that though the grantor cannot on account of the statute enforce the grantee's agreement to resell, yet, after a resale has been made, he may compel him to account for the proceeds; and it is held that where the trust has been so far executed by the trustees as to sell the land and receive the money, and such trust had been recognized by him, an action for money had and received will lie to recover such money by the person entitled thereto."

In 27 C. J. 226, the rule is thus stated:

"A promise or contract by one person to pay another a certain sum of money out of, or a certain share of, the proceeds of a contemplated sale of land or an interest therein is not within the statute."

See Brown on Statute of Frauds, section 268, notes 98 Am. Dec. 592, 6 Am. St. R. 577, 102 Am. St. R. 236, to same effect.

The agreement was not a contract for the sale of an interest in the land. It related only to the oil after it had been drawn out of the land by the oil company. The oil, after it was separated from the land by the oil company, was personalty. The parties by the lease to the oil company passed to it this interest in the land. The royalty is simply the consideration paid by the oil company therefor. A parol contract to make the lease and divide the royalty would be within the statute, being a contract for an interest in the land, but when the lease is made and the title passes the parol contract to divide the royalty is simply a contract as to personalty. The proof is in nowise inconsistent with the writing. The lease provides that the royalty is to be paid to the grantors. The parol agreement simply provides how it shall be disposed of by them after they receive it. The agreement is not a contract not to be performed within one year from the making thereof. The statute only applies to contracts which are impossible of performance within a year from the making thereof. West v. King, 163 Ky. 561. It was possible that all the oil might be drawn out and exhausted within a year. The lessees had the right to terminate the lease at any time. It provides:

"And further agrees that the parties of the second part, their successors or assigns, shall have the right at any time on payment of one dollar to the parties of the first part, their heirs or assigns, to surrender this lease for cancellation, after which all payments and liabilities thereafter to accrue under and by virtue of its terms shall cease and determine."

The agreement rests on a sufficient consideration. The life tenant could not lease the land and so allow the oil to be drawn off without the consent of the remaindermen. But they could not enter on the land and disturb the possession of the life tenant without her consent. So the situation was such that neither of them could make the lease without the other. The agreement to divide the consideration equally rests, therefore, upon the consideration

that each parted with a legal right and each acquired a right he did not have before the lease was made.

Judgment reversed and cause remanded for a judgment as above indicated.

Whole court sitting.