# Board of Supervisors of Estill County v. Superior Oil Corporation.

(Decided October 13, 1925.)

## Appeal from Estill Circuit Court.

Taxation—Oil and Gas Leases, and Rights Thereunder, Subject to Taxation for Fair Cash Value, Estimated at Price They Would Bring at Fair Voluntary Sale—"Property."—Oil and gas leases, and rights conferred thereby are "property" within meaning of Constitution, section 172, and Kentucky Statutes 1922, section 4020, and are subject to taxation at their fair cash value, estimated at the price they would bring at a fair voluntary sale, and arbitrarily fixing valuation at a percentage of gross production during tax period was erroneous.

JOHN W. WALKER for appellant.

RIDDELL & SHUMATE for appellee.

Opinion of the Court by Commissioner Sandidge—
Reversing.

Appellee, Superior Oil Corporation, owns 29 oil and gas leases in Estill county, Kentucky, covering 1,865 acres of land, on which there are 230 producing oil wells. It listed those properties for taxation as of July 1, 1922, the assessment date, as being worth $75,000.00. Appellant, board of supervisors, after notice and upon hearing, raised the assessment, fixing $255,280.00 as the value of its oil and gas leases and rights, and $30,000.00 as the value of its oil well supplies, materials, equipment, tanks, etc. Appellee thereupon prosecuted an appeal to the Estill quarterly court. Upon the trial before that tribunal appellee was denied any relief and the judgment of the board of supervisors was affirmed. It thereupon prosecuted an appeal to the Estill circuit court, and, upon the trial there, the court fixed the value of appellee's property for purposes of taxation at $129,600.00. Appellant, board of supervisors, prosecutes this appeal from that judgment.

That the court reached an erroneous conclusion is demonstrated beyond question by the following quotation from the judgment rendered herein:

"The court being advised holds and adjudges that on account of the inability of the parties to show by evidence what the future value of the property will be, or what the oil production from the property in the future will be, that it is impracticable to capitalize the value of these and like properties, and that the true method of taxation of properties of this character, in view of the fact that the owners are required to pay the oil production or license tax, is to take the gross income for the taxing period and to reduce the amount thereof 40 per cent, to cover costs of operation, depreciation and other charges, leaving the balance of 60 per cent, which amount should be taxed for each year, and applying this percentage to the total incomes from these properties for said year at $216,600.00, the court finds that the value of said properties for taxation for said year is $129,600.00."

Oil and gas leases and the rights conferred thereby are "property" within the meaning of section 172 of our Constitution and are subject to taxation at their fair cash value, estimated at the price they would bring at a

fair, voluntary sale. Constitution, section 172; section 4020, Kentucky Statutes, 1922; Wolfe County v. Beckett, 127 Ky. 252, 105 S. W. 447; Mt. Sterling Oil & Gas Company v. Ratliff, 127 Ky. 1, 104 S. W. 993; Raydure v. Board of Supervisors, 183 Ky. 84, 209 S. W. 19; Associated Producers' Company v. Board of Supervisors, 202 Ky. 538. Property is taxable if it has a cash value. It has value if at a fair, voluntary sale it would bring anything. The amount it would bring at a fair, voluntary sale is the amount our Constitution and statutes provide and the opinions of this court hold at which property shall be listed for purposes of taxation. The quotation above from the judgment of the trial court herein discloses beyond question that a new and altogether unauthorized method was devised by the trial court to arrive at the valuation that should be placed upon appellee's property for purposes of taxation. Hence we have no trouble in concluding that the judgment of the trial court herein is erroneous and must be reversed.

The appeal from that judgment has been prosecuted in a most informal way, as the following quotation from the judgment will disclose:

"Both parties except to this judgment and pray an appeal to the Court of Appeals, which is granted, and it is agreed that this judgment shall take the place of bill of exceptions herein, and that no motion and grounds for a new trial is necessary, or shall be required, the same being waived by both parties."

No transcript of the evidence heard upon the trial hereof in the circuit court has been certified and brought to this court on the appeal. With reference to the evidence heard upon the trial the judgment recites:

"Thereupon came the plaintiff and introduced evidence that the gross cash price received by plaintiff for oil produced from the property sought to be taxed herein for the twelve months period, extending six months immediately before and six months immediately after July 1st, 1922, the date of assessment, was $216,000.00.

"The plaintiff introduced evidence tending to show that on account of the cost of operation of the properties the total taxable valuation thereon, based on what said properties would bring at a fair, voluntary cash sale, was $100,000.00.

"The defendant introduced evidence tending to show that basing the value of said properties on the price of $800.00 per barrel of the average daily production of said property, the fair voluntary cash value thereof for taxing purposes was $255,000.00. The defendants also introduced testimony tending to show that all other oil properties of like character in Estill county for the year for which taxes are sought to be collected was $800.00 per barrel.

"The plaintiff introduced evidence tending to show that properties subject to taxation in Kentucky generally is assessed by taxpayers and taxing authorities at 60 per cent of its fair cash value."

The portion of the judgment quoted gives the court some idea of the trend of the testimony heard, but, as presented, it is of little or no value in aiding this court to determine correctly the issue presented to it by the appeal; that is, at what valuation appellee's property should be listed for taxation. As presented we can not reach a conclusion on that question because the bill of exceptions does not so present the evidence that we can arrive at a satisfactory solution of the question.

The erroneousness of the judgment entered being apparent it is reversed and this cause is remanded with direction that the trial court hear again the evidence that either party may desire to offer pertinent to a determination of and from the evidence determine and fix the fair cash value of appellee's property located in Estill county, Kentucky, on July 1, 1922, and fix that amount so arrived at as the amount of the assessed value of its property for purposes of taxation.

Judgment reversed and cause remanded for further proceedings consistent herewith.