## Commonwealth v. Elkhorn Piney Coal Mining Company.

(Decided November 24, 1931.)

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellant.

SAMPSON & SAMPSON for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The single question presented by this appeal is whether a coal mining leasehold, and its appurtenances,

is real estate or personal property for the purpose of taxation. The importance of the question lies in the fact that real estate takes a rate of 30 cents, whilst personalty must pay 50 cents, on each $100 of taxable value.

The Elkhorn Piney Coal Mining Company is the present owner of a coal mining lease covering a large boundary of land in Harlan county. The lease confers the right to remove the coal upon a royalty basis, and it has been equipped for operation by the erection of various improvements, consisting of tipples, miners' houses, and other fixtures attached to the land. The commonwealth asserts that the leasehold is personalty for purposes of taxation, whilst the coal company contends that it is real estate. The circuit court sustained the contention of the coal company, and the commonwealth has appealed.

The relevant statutes are as follows:

Section 458.

"The words 'real estate' or 'land' shall be construed to mean lands, tenements and hereditments and all rights thereto and interest therein, other than a chattel interest; and the words 'personal estate' shall include chattels, real and other estate, such as, upon the death of the owner intestate, would devolve upon his personal representative."

Section 2357.

"Every deed shall, unless an exception be made therein, be construed to include all buildings, privileges and appurtenances of every kind attached to the lands therein conveyed."

Section 4019.

"An annual ad valorem tax for state purposes of thirty cents (30c) upon each one hundred dollars ($100.00) of value of all real estate directed to be assessed for taxation, as provided by law and fifty cents (50c) upon each one hundred dollars ($100.00) of value of all other property directed to be assessed for taxation, as provided by law, shall be paid by the owner, person, or corporation assessed. . . ."

Section 4022.

"For the purpose of taxation, real estate shall include all lands within this state and improvements

thereon; and personal estate shall include every other species and character of property—that which is tangible as well as that which is intangible."

Section 4024.

"All estate, real and personal, and all interest in such estate, named and specified in the tax book, shall be assessed for taxation, and the tax paid by the owner thereof to the persons authorized by law to receive the same, unless otherwise specially provided."

Section 4025.

"Land shall be valued for taxation without reference to conflicting title, and shall be listed in the county in which it is located. Tangible personal property shall be listed and taxes paid thereon in the county, municipality and taxing district where the same has established a taxable situs based on the actual situation of the property."

Section 4039.

"It shall be the duty of all persons owning any real estate or other property, mineral rights, or standing trees of any kind whatever on the lands of another, or any coal, oil, or gas privileges by lease or otherwise, or any interest therein, in this state, other than in the county in which the said owner resides, or if said owner should reside out of the state, to list the property for taxes personally, or by an authorized agent in the county where situated at the same time and in the same manner as is now provided by law of resident owners; or to file a descriptive list of the same between the first day of July and the first day of October in each year with the county clerk of the county wherein said property is located, fixing a fair cash value of the same and giving the nearest resident thereto and the number of the magisterial district in which the same is located."

Section 4041 provides for the redemption of lands sold for taxes, and section 4042 provides that all tracts or parts of land shall be listed in the counties in which they may be situated.

Section 4049.

"Real estate, or any interest therein, shall be listed in the county or district where situated against the owner of the first freehold estate therein. If the owner fails to list the same, the assessor shall, nevertheless, list all lands in his county; and to enable him to ascertain the person in whose name to make the list, he is empowered to swear witnesses, and their statements must be put in writing and returned with the tax book, and a note of reference made to the proof in the listing of the land."

The solution of the problem presented will be aided by a survey of former decisions upon the general subject-matter of the dispute.

In Mount Sterling Oil & Gas Company v. Ratliff, 127 Ky. 1, 104 S. W. 993, 31 Ky. Law Rep. 1229, it was held that the reservation of a royalty in oil and gas leases assigned to another, consisting of a part of the oil to be produced therefrom, created a taxable asset in the county where the land was located. The statute provided "any coal, oil or gas privileges, by lease or otherwise, or any interest therein," must be listed for taxation in the county where the land is situated. Section 4039, Kentucky Statutes 1903. The court said: "Whether the right reserved . . . be called personal property, a chattel real, incorporeal hereditament, or privilege, it is property and as such subject to taxation" under the statute then in force.

In Wolfe County v. Beckett, 127 Ky. 252, 105 S. W. 447, 32 Ky. Law Rep. 167, 17 L. R. A. (N. S.) 688, two questions were involved: First, are oil and gas wells held under leases taxable? And, if so, who should pay the taxes? Such property was held taxable to the owner, the lessee being liable for all the taxes thereon, except that upon the royalty reserved to lessor. A severance of the mineral estate was accomplished by the lease. The court did not determine whether the property was to be taxed as land or personalty.

In a number of cases this court has held that coal, oil, and gas leases, producing oil and gas wells, and leasehold interests of every kind, constitute taxable assets, but whether such interests were real estate or personal property it was deemed unnecessary to determine. Raydure v. Board of Supervisors, 183 Ky. 84, 209 S. W.

19; Stepp v. Pike County Board, 194 Ky. 177, 238 S. W. 408; Wood Oil Co. v. Com., 196 Ky. 196, 244 S. W. 429; Associated Producers' Co. v. Board of Supervisors, 202 Ky. 538, 260 S. W. 335; Com. v. Garrett, 202 Ky. 548, 260 S. W. 379; Moss v. Board of Supervisors, 203 Ky. 813, 263 S. W. 368; Swiss Oil Corporation v. Shanks, 208 Ky. 64, 270 S. W. 478; Board of Supervisors v. Superior Oil Corp., 210 Ky. 539, 276 S. W. 527.

In Purcell v. City of Lexington, 186 Ky. 381, 216 S. W. 599, a leasehold estate for 99 years, with the privilege of renewal in perpetuity, was held to be taxable property of the lessee. The court, however, found it immaterial, and did not decide whether the leasehold was to be considered as personalty or realty for taxation purposes, since both were taxable in exactly the same way and to the same extent, or were during the years involved in the action.

It has been held, however, that leasehold estates in mineral lands, whether consisting of coal, oil, gas, or other minerals, are to be regarded as real estate for the purposes of partition (Union Gas & Oil Co. v. Wiedemann Oil Co., 211 Ky. 382, 277 S. W. 323), for fixing the venue of actions under section 62 of the Civil Code of Practice (Kennedy v. Hicks, 180 Ky. 563, 203 S. W. 318; Shadoin v. Sellars, 223 Ky. 751, 4 S. W. (2d) 717), for the determination of rights affected by the recording statutes (Rader v. Shaffer, 186 Ky. 802, 218 S. W. 292; Arnett v. Stephens, 199 Ky. 733, 251 S. W. 947; Richards v. Potter (Ky.), 124 S. W. 850; Loeb v. Conley, 160 Ky. 91, 169 S. W. 575, Ann. Cas. 1916B, 49), for the purpose of conveyancing and for the construction of instruments affecting such interests (Hester v. O'Rear, 202 Ky. 176, 259 S. W. 41; Scott v. Laws, 185 Ky. 440, 215 S. W. 81, 13 A. L. R. 369; Gray-Mellon Co. v. Fairchild, 219 Ky. 143, 292 S. W. 743; Ky. Rock Asphalt Co. v. Milliner, 234 Ky. 217, 27 S. W. (2d) 937; Ducan v. Mason, 239 Ky. 570, 39 S. W. (2d) 1006; Richards v. Potter (Ky.), 124 S. W. 850; Eastern Ky. Mineral & Timber Co. v. Swann-Day Lumber Co., 148 Ky. 82, 146 S. W. 438, 46 L. R. A. (N. S.) 672; Ball v. Clark, 150 Ky. 383, 150 S. W. 359), for the application of the statute of frauds (Kash v. United Star Oil Co., 192 Ky. 442, 233 S. W. 898; Lowther v. Scheirich, 195 Ky. 177, 241 S. W. 834; Beckett-Iseman Co. v. Backer, 165 Ky. 818, 178 S. W. 1084; Kentucky Counties Oil Co. v. Cupler, 204 Ky.

799, 265 S. W. 334), and for the creation and enforcement of liens in favor of mechanics and materialmen to secure payment for labor and material used in drilling wells for the extraction of the minerals (Stark v. Petty, 195 Ky. 445, 243 S. W. 50; Scottsville Oil Co. v. Dye, 203 Ky. 496, 262 S. W. 615; Gordon v. Hurt & Petty, 201 Ky. 42, 255 S. W. 857). Such leasehold rights have been regarded as real estate for the ascertainment and allotment of dower (Williamson v. Williamson, 223 Ky. 589, 4 S. W. (2d) 392; Trimble v. Ky. River Coal Corp., 235 Ky. 301, 31 S. W. (2d) 367; Daniels v. Charles, 154 Ky. 232, 157 S. W. 32; Id., 172 Ky. 238, 189 S. W. 192; Saulsberry v. Saulsberry, 162 Ky. 486, 172 S. W. 932, Ann. Cas. 1916E, 1223; Crain v. West, 191 Ky. 1, 229 S. W. 51; Goosling v. Pinson, 198 Ky. 57, 248 S. W. 248; Lemaster v. Hudson, 214 Ky. 467, 283 S. W. 439; Collins v. Lemaster, 232 Ky. 188, 22 S. W. (2d) 567; Eager v. Pollard, 194 Ky. 276, 239 S. W. 39, 43 A. L. R. 808), and in defining the extent of a homestead interest (Brandenburg v. Petroleum Exploration, 218 Ky. 557, 291 S. W. 757).

We have held that life tenants have no interest in the minerals not theretofore severed, and no right to take them since such taking would amount to waste. But they may unite with the remaindermen and make a valid lease. Rittenhouse v. Porter (Ky.), 128 S. W. 288; Sparks v. Albin, 195 Ky. 52, 241 S. W. 321; Meredith v. Meredith, 193 Ky. 192, 235 S. W. 757; Id., 204 Ky. 608, 264 S. W. 1109; Gerkins v. Ky. Salt Co., 100 Ky. 734, 39 S. W. 444, 19 Ky. Law Rep. 130, 66 Am. St. Rep. 370.

The rules respecting real estate have been applied when mining leases and the appurtenances are sold under a decree, and the statutes requiring the appraisement of real estate apply equally to mineral leases. Wakenva Coal Co. v. Johnson, 234 Ky. 558, 28 S. W. (2d) 737.

Covenants in oil leases concerning the payment of royalties and the drilling of wells are covenants running with the land. Swiss Oil Corporation v. Dials, 232 Ky. 298, 22 S. W. (2d) 912. Such covenants are a distinguishing characteristic or real property. 15 C. J., sec. 53, 54, p. 1240.

It has been held that a lease respecting minerals, granting a right of removal of the substances, must be governed by the principles of law applicable to land,

and deficiencies in acreage in lands leased may be remedied exactly as is allowed in cases of lands sold in fee. Piney Oil & Gas Co. v. Allen, 235 Ky. 767, 32 S. W. (2d) 325; Caudill v. Bernheim, 194 Ky. 368, 238 S. W. 1041; Cecil v. Knox, 195 Ky. 214, 242 S. W. 26; Engemann v. Allen, 201 Ky. 483, 257 S. W. 25.

In McIntire v. Bond, 227 Ky. 607, 13 S. W. (2d) 772, 64 A. L. R. 630, it was again decided that oil and gas leases are interests in land, and governed by the law of real estate. Cf. Hoskins v. Northern Lee Oil & Gas Co., 194 Ky. 628, 240 S. W. 377, and Foxwell v. Justice, 191 Ky. 751, 231 S. W. 509.

The appellant relied upon the cases of Wilgus v. Com., 9 Bush 556, and Edwards v. Bernstein, 231 Ky. 102, 21 S. W. (2d) 133, both of which are clearly distinguishable. In the Wilgus case a long-term lease, renewable in perpetuity, was held to be personalty for the purposes of taxation. But the case did not involve a mineral lease. It was a lease of a house and lot. The opinion stated that the character of the estate determined how it must be taxed—a principle that requires mineral leases, creating an interest in the realty, to be taxed as such. The Edwards-Bernstein case presented a question of venue. It was an action to secure the specific performance of an alleged contract for the renewal of a lease upon a mercantile building. Clearly these cases are not inconsistent with the views expressed so often by this court concerning the character of interest created by mineral leases of the type involved in this action. We have referred already to the cases applying section 62 of the Civil Code of Practice to mineral leases, treating them as land, and repetition is unnecessary.

A review of the cases results inevitably in the conclusion that the rights created by a coal lease conferring upon the lessee for a long term of years the right to remove and dispose of the coal, perhaps to exhaustion, coupled with the right to build and maintain tipples, miners' houses, and other fixtures, constitute real estate for the purposes of taxation under our present statutes.

It follows that the circuit court was correct in holding that the property in question should be taxed as real estate.

The judgment is affirmed.

Whole court sitting.