## Cecil, et al. v. Knox, et al.

(Decided June 9, 1922.)

### Appeal from Floyd Circuit Court.

1. Vendor and Purchaser—Conveyance of Two Tracts in One Transaction.—A contract for the sale of two separate tracts of land at a specified rate per acre is one transaction notwithstanding the two tracts were conveyed by separate deeds and at different times, the latter fact being necessary to enable the grantor to perfect his title to one of the tracts.

2. Vendor and Purchaser—Deficiency in Quantity of Land.—The sale of two separate tracts of land at the price of $50.00 an acre is not a sale in gross but by the acre, and, whether the deficiency be great or small, the number of acres represented in the tracts must be within the boundary else the injured party is entitled to relief to the extent of the excess or deficiency.

3. Vendor and Purchaser—Deficiency in Quantity of Land—Reimbursement.—Where land is sold in gross and the evidence shows the deficiency to have been so great as not to have been within the contemplation of the parties, the purchaser is entitled to an application of the 10% rule and to reimbursement for the deficiency at the agreed rate per acre.

4. Equity—Multiplicity of Suits.—A court of equity will adopt the most efficient and economical method for the adjustment of controversies and will not require the doing of something that is useless and unnecessary, when it can dispose of the conflicting claims of the parties in a suit then pending.

C. B. WHEELER for appellants.

A. J. MAY for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

In 1917 appellants contracted to sell to appellee, F. S. Knox, the mineral rights in two small tracts of land;

the first in Floyd county, referred to in the record as tract No. 1, and on final computation found to contain 38.35 acres, and the second in Pike county, known as tract No. 2, and containing 18.38 acres. The contract price was at the rate of $50.00 an acre, the acreage to be ascertained by actual survey. When the second tract was surveyed M. S. Layne claimed to own it, and Knox and appellants thereupon entered into another contract by which it was agreed that Knox might complete the survey and abstract the title to tract No. 1, and if it was found that the appellants were able to convey good title to the minerals that a deed of conveyance would be made at the agreed price of $50.00 an acre, and, further, that appellants would use due diligence in having perfected their title to tract No. 2 and that being accomplished would convey the minerals in that tract to Knox at the price, originally agreed upon, of $50.00 an acre.

Tract No. 1 was conveyed to Knox when the survey was completed and after it was ascertained that appellants had good title to it. He paid to them $50.00 an acre for 48.35 acres, believed to be the acreage in the tract. Later the title to tract No. 2 was settled and it was found that it contained 18.38 acres, and A. J. May, agent for Knox, gave to appellants a check for $919.00 in payment for that tract. It developed, however, that there were not sufficient funds in bank to pay the check and before the funds were provided it was learned that a mistake had been made in computing the acreage of tract No. 1, and instead of there being 48.35 acres in that tract there were only 38.35 acres. $200.00 of the $919.00 had then been paid and on making the discovery Knox promptly notified appellants of the discrepancy and offered to pay the balance of the $719.00 subject to a credit of $500.00, claimed on account of the shortage in the first tract. Appellants refused to concede their liability for the deficiency in the first tract and filed this suit against Knox, the Pike-Floyd Coal Company and A. J. May, for $719.00, the balance due on the second tract. The controversy is really between appellants and Knox as the latter's co-defendants do not appear to have acquired any interest in the properties. Appellees filed answer and counterclaim, setting up the facts as to the transaction and averring that the parties were mutually mistaken as to the number of acres in the first tract and that by reason thereof appellants had been paid $500.00 more than they were entitled to receive for that tract. They asked

to have the cause transferred to equity and to be given credit on the second indebtedness by the amount of the overpayment.

The case was tried in equity and the chancellor found that there was a mutual mistake as to the acreage in the first tract and rendered judgment against Knox for $219.00, with interest from March 15, 1918, allowing the credit of $500.00 as claimed by him. Cecil and his wife are appealing from that judgment.

Appellants insist that the second tract of 18.35 acres was bought separately from the first tract and that appellees in this proceeding are not entitled to have the overpayment on the first tract credited on the amount due on the second. It is said that the second tract was bought for the gross sum of $919.00, and, even if it be assumed that there is a recoverable overpayment on the first tract, it can not be set up as a defense to any part of the claim asserted in this action. We do not consider the position sound. Whether the two tracts were or were not purchased in one transaction is not a vital fact in the decision of the case. But, in reality, the original contract provided for the purchase of the two tracts at the rate of $50.00 an acre, and when the controversy arose as to appellants' title to the smaller tract the agreement of February 16, 1917, was entered into, and it contained similar covenants though it provided for the conveyance of the two tracts at different times in order to enable appellants to perfect their title to the smaller tract.

The sale was not a sale in gross but by the acre, and it is well settled in this state that in that class of sales, whether the deficiency be great or small, the number of acres represented must be within the boundary else the injured party is entitled to relief to the extent of the deficiency. If it be granted that the sale was in gross, the deficiency is too great to have been within the contemplation of the parties and the purchaser is obviously entitled to an application of the 10% rule. (Anthony v. Hudson, etc., 131 Ky. 185; Boggs v. Bush, 137 Ky. 95; Hartsfield v. Wray, 181 Ky. 836; Chilton v. Head, 193 Ky. 768.) Accordingly, Knox is entitled to reimbursement at the rate of $50.00 an acre for the deficiency in the first tract regardless of whether the title to the second tract was or was not perfected and conveyed. But, as we have said, the sale of the two tracts was one transaction and the lower court properly treated it so and allowed a credit on the balance due on the second tract by the

amount overpaid for the first. On that ground the judgment is perfectly sound.

There is another ground on which the judgment might be sustained. It is that a court of equity will adopt the most effective and economical process for the adjustment of controversies and will not require the doing of something that is useless and unnecessary. Thus it will not dismiss a counterclaim or set-off that is shown to be just and compel the claimant to institute another proceeding to obtain the relief that he is clearly entitled to and that can be granted in a suit between the same parties then in court. If the sale of the two tracts is not to be treated as one transaction, the court nevertheless had the right to set-off the overpayment against the amount due on the second tract. The plainest principles of equity and justice required that the court dispose of all controversies between the parties in the proceeding then pending and adjudicate their conflicting claims according to the respective merits thereof. This it did by crediting to appellees as against the claims of appellants a proven overpayment.

On the latter ground as well as the former the judgment is correct. It is, therefore, affirmed.