## Steele v. Hinkle, et al.

(Decided November 7, 1924.)

### Appeal from Fayette Circuit Court.

1. **Frauds, Statute of—Sale of Leasehold and Stock of Goods Must be in Writing, but Consideration Need Not be.**—Sale of stock of goods and leasehold on building in which business is conducted must be in writing, but consideration need not be in writing, under the statute of frauds (Ky. Stats., section 470), and under Ky. Stats., section 472.

2. **Evidence—Parenthetical Recital as to Component Parts of Purchase Price for Stock of Goods and Leasehold Held Only Recital of Fact, so that Parol Evidence was Admissible to Show Agreed Price.**—Parenthetical recital in contract of sale of stock of goods and leasehold for $160,000.00, "of which the sum of $50,000.00 is to be in payment for stock of goods," etc., held merely recital of fact and not contractual obligation, so that parol evidence was admissible to show that agreed purchase price of stock of goods was only $34,000.00, under Ky. Stats., section 472.

3. **Evidence—Reason for Rule that Consideration May be Varied by Parol Stated.**—That true consideration is not material to validity of written contract, but may or may not be material to parties, is real reason for rule at common law, and by Ky. Stats., section 472, that consideration stated in contract may be varied by parol evidence.

4. **Pleadings—Counterclaim, Drawing from Other Pleadings to Supply Necessary Allegations, Held Insufficient.**—Counterclaim, drawing from other pleadings in case to supply necessary allegations and also provision of contract not found therein, was insufficient, and demurrer was properly sustained.

5. **Appeal and Error—Withdrawal of Alleged Error in Instructions as Ground for New Trial Constituted Waiver of Objection that Pleadings did Not Sustain Verdict.**—Where defendants filed motion and ground for new trial, raising alleged error in instructions, and later withdrew them, they thereby waived right on appeal to insist that pleadings did not sustain verdict, which rested on contention that instructions submitted question not raised by pleadings.

6. **Appeal and Error—Error on Trial Must be Made Ground for Motion for New Trial.**—Error occurring on trial of ordinary action will not be considered on appeal, unless made ground for motion for new trial.

7. **Appeal and Error—Rule that Sufficiency of Pleadings to Support Verdict May be Reviewed, Without Motion and Grounds for New Trial, Held Inapplicable.**—Rule that question as to sufficiency of pleadings to support verdict may be raised on appeal, without motion and grounds for new trial because thereof, is applicable only when record of proceedings on trial is not brought up, and

is inapplicable where whole record is brought up, and refutes presumption that both evidence and instructions conform to pleading on which rule is based.

HUNT, NORTHCUTT & BUSH, GEORGE B. KINKEAD and JAMES G. DENNY for appellant.

SAMUEL M. WILSON and ALLEN, BOTTS & DUNCAN for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming upon both the original and the cross appeals.

Appellant sold his stock of goods, and his leasehold on the building in which his business was conducted to appellees, for $160,000.00. The contract of sale, after reciting this fact, contains this clause, inclosed by parenthetical marks:

"Of which, the sum of $50,000.00 is to be in payment for the stock of goods, fixtures, appliances, vehicles, and the like, and the balance, $110,000.00, is to be in payment for the business and the leasehold right."

Following this clause, and in the same sentence, is the provision that the $160,000.00 is to be paid, $15,000.00 in cash and the balance, $145,000.00, in monthly installments of $1,726.19 each, beginning September 1, 1921, and continuing until the end of the leasehold period in August, 1928.

The lease, however, was terminated by a fire which destroyed the premises, in December, 1921, which, as the parties agree, automatically released appellees from the payment of so much of the monthly installments as applied to the purchase of the leasehold. It further is agreed that the cash payment of $15,000.00 was correctly applied to the payment of the consideration for the stock of goods. Accordingly, if in truth the consideration therefor was as stated in the contract, $50,000.00, the balance thereof was $35,000.00, and of the $1,726.19 payable each month on the purchase price, $416.67 was due and payable thereon.

After the fire, however, and the termination of the lease, appellees, contending that the true consideration for the stock of goods was only $34,000.00, and the balance due thereon, after crediting the $15,000.00 paid in cash, was only $19,000.00, tendered appellant $226.19 each

month, which would have been the amount due on the stock of goods if in fact the consideration therefor was $34,000.00, as they contended, rather than $50,000.00 as stated in the contract.

Steele refused to accept these payments of $226.19 per month, and under a precipitation clause in the contract, instituted this action to recover of appellees the sum of $33,333.32, which it is conceded was due him if, as stated in the contract, the consideration for the stock of goods was $50,000.00.

Appellees, in their answer, without allegation of fraud or mistake, averred:

"Defendants further state that when they came to reduce the said agreement to writing, it was orally promised and agreed . . . that the said writing should contain a recital to the effect that the consideration for the said stock of goods, and furniture and fixtures, and other personal property was the sum of $50,000.00, instead of a recital of the true amount for which the said stock of goods, and furniture and fixtures and other personal property was purchased; and, that when said writing was executed by the plaintiff and defendants, it was understood and agreed . . . that the said recital was not a correct recital of the actual consideration, and that the consequent additional recital of $110,000.00, as the consideration for the transfer of the leasehold estate, was not a correct recital of the actual consideration for said leasehold right, and that, as between themselves, none of the parties to the writing should be bound by the two said incorrect recitals, but as between them, the agreement should stand as above stated, to-wit, $34,000.00 for the goods, furniture, fixtures and the like, and $126,000.00 for the leasehold right."

These averments were traversed by the reply.

Upon the trial, appellees were permitted to introduce proof, over appellant's objection, to sustain this plea, and upon the submission to the jury of the issue of fact thus presented, the jury sustained the contention of the defendants, and returned a verdict in favor of the plaintiff for $18,095.24, which it is agreed is the amount ultimately due plaintiff, if as matter of fact the consideration for the stock of goods was $34,000.00. From the judgment entered on that verdict the plaintiff prosecuted this

appeal, and the defendants have entered a motion for and been granted a cross-appeal.

Upon the direct appeal, counsel for appellant contend: (1) That parol testimony was not admissible to contradict or vary the terms of the contract in which the consideration therefor is stated without a plea of fraud or mistake, and (2) that the evidence introduced for the purpose, if competent, is insufficient therefor.

1. This contract comes within the statute of frauds, and therefore to be enforceable had to be in writing; but it is expressly provided in the statute that, ''The consideration need not be in writing; it may be proved when necessary, or disproved by parol or other evidence.''

Section 472 of the statutes further provides:

''The consideration of any writing, with or without seal, may be impeached or denied by pleading verified by oath.''

Obviously, if these statutory declarations are as broad as their language implies, parol evidence is competent in all cases to contradict or vary the recited consideration of any written contract, and the prior decisions of this court with reference to the competency of such evidence, based upon common law distinctions with reference to whether the contract was under seal or not, are no longer authoritative.

It is insisted, however, for appellant, that these provisions refer only to recitations about the consideration as a fact, and not to contractual obligations with reference thereto. Many cases from other jurisdictions are cited which have so construed somewhat similar provisions in their statutes of fraud, but no case is cited from this court expressly so construing our statutes. Several cases are cited, however, from this court, which it is claimed do give support to that view. Such of these opinions as antedate the adoption of these statutory provisions in their present form are clearly inapplicable for the reason already assigned. The more recent cases relied upon are also distinguishable and inapplicable for one reason or another. We are relieved, however, from attempting now to distinguish them by the fact, which we think is clearly established, that the recitation about the consideration in this contract is but the recital of a fact, and not the expression of any contractual obligation between the parties.

We shall therefore direct our efforts to an attempt to show that this is true.

In the first place, the contract itself states that the consideration for its execution is $160,000.00, payable in a carefully described manner, but without reference to any apportionment or to the parenthetical recital of its component parts. No obligation stated in the entire contract is based upon this parenthetical recitation, and the contract itself discloses no reason whatever for its insertion therein. Except for the premature termination of the leasehold by fire, the recitation would have been as immaterial to the parties as it was and is to the validity of the contract.

The happening of this contingency, however, has shown that the recitation, although immaterial to the validity of the contract, was of potential materiality to the parties because it might, as it has, become determinative of an obligation arising out of but not stated in the contract. This proves conclusively, it seems to us, that the recital is purely one of fact and not of any contractual obligation.

The consideration for every contract, whether stated therein or not, is always and necessarily of precisely this same potential materiality to the parties thereto. If then the distinction contended for should be recognized and applied in this case, it would be difficult, if not impossible, for the conditions to arise where a statement of the consideration made in the contract would not be binding upon the parties, notwithstanding the twice repeated statutory declaration to the contrary.

The fact indeed that the true consideration is not material to the validity of a written contract but may or not be material to the parties, is the real, if not the only, reason for the rule, both at common law and by statute, that excludes the consideration stated in a contract from the general rule forbidding the introduction of parol evidence to vary the terms of a written contract.

Then again, the parenthetical clause in this case is obviously not a statement *of* the consideration for the contract, which all agree was $160,000.00, but is rather a statement *about* the consideration, and therefore necessarily it would seem a mere statement of a fact and not a statement of any contractual obligation, nor, as we have seen, the basis even of any promise, agreement or obligation stated in the contract.

That this is true is made even clearer from the evidence, which proves beyond doubt that the parties agreed, throughout the negotiations and up until they finally signed the written contract, that $34,000.00 was the true consideration for the stock of goods, and that it was stated otherwise in the contract not for the purpose of determining or altering the respective obligations of the parties to one another in any way, but simply to provide a possible basis for determining the amount of income tax one of the parties would have to pay the federal government.

The case, upon its facts and in its final analysis is, therefore, precisely the same as if, after agreeing upon $34,000.00 as the consideration for a tract of land, one of the parties requested and the other agreed that the consideration be stated in the deed as $1.00, or $50,000.00, or any other sum to suit some ulterior purpose of his own. It might then be urged just as plausibly as here that the minds of the parties never finally met upon the question of consideration until they signed the contract as written, and that in a suit to recover an unpaid part of the consideration for the land the parties were concluded by the recitation of the deed with reference thereto. That such an argument is and must be unavailing is attested not only by the plain and unambiguous language of the statutes, but also by the uniform and frequent opinions of this court.

We therefore conclude that the recital about the consideration in this contract is but the recitation of a fact, and not of a contractual obligation imposed by the contract, even if in any case such a distinction may be material under our statutes and decisions, which is not decided.

It follows that the parol evidence introduced by the appellees, over the objection of appellant, and tending to prove the real consideration for the stock of goods, was not only competent but, as we have already seen, also sufficient to sustain the verdict.

Coming now to the cross-appeal, it is urged first, that the court erred in sustaining a demurrer to a counterclaim for damages for a breach by appellant of his covenant for quiet enjoyment of the leasehold during its term.

The effort to sustain this paragraph of the answer as a counterclaim is unavailing for two reasons: (1) Because it of necessity draws upon other pleadings in the

case to supply necessary allegations as well as provisions of the contract not found therein, and (2) because the contract, when looked to and read in connection with the lease therein referred to, shows that the covenant for enjoyment of the leased premises was a covenant for a determinable rather than an absolute term, and that the term of the lease had been terminated by the happening of the contingency provided for in the lease, and not by a breach by appellant of his covenant for quiet enjoyment of the lease during the term thereof.

We are therefore of the opinion that the court did not err in sustaining a demurrer to the paragraph of the answer which attempted to assert the counterclaim.

The next insistence for appellees is that the pleadings do not sustain the verdict.

In the first place, defendants filed a motion and ground for a new trial raising this precise question because of alleged error in the instructions given by the court over their objection. Later they withdrew the motion and grounds for a new trial for the reason, as then stated by them, "that they did not desire to insist on same."

As the error, if any, in the verdict is thus shown to have been due to the fact that the instructions submitted to the jury a question not raised by the pleadings, and that defendants expressly waived that error below and when it might have been corrected by the trial court, it would seem necessarily to follow that they also waived it here under the thoroughly established rule of practice that an error occurring upon the trial of an ordinary action will not be considered here unless made the ground for a motion for a new trial.

It is insisted, however, that under another well-established rule of this court, the question as to the sufficiency of the pleadings to support the verdict may be raised upon appeal without a motion and grounds for a new trial because thereof. Ordinarily this is true, but it would be grotesque, if not absurd, to permit a resort to that rule where a question of fact, not raised by the pleadings, had erroneously been submitted to the jury by the instructions, and this error, after being called to the attention of the court, was expressly waived.

Not only is this true, but plaintiff's pleading, if sustained by the evidence, would have supported a verdict and judgment for the whole amount sued for, and if under such circumstances it ever can be said at the behest of

the defendant that the pleadings do not sustain a verdict against him for a lesser amount, it certainly ought not to be done where, as here, he has expressly waived the error in the instructions authorizing a verdict for the lesser amount, since if his present contention is sound, the instructions must have submitted a question not raised by the pleadings.

Then again, this rule is applicable only when the record of the proceedings on the trial is not here, and is based necessarily upon the presumption that both the evidence and the instructions conformed to the pleadings. Hence it clearly is inapplicable where, as here, the whole record is before us and refutes the presumptions upon which the rule is dependent.

We are therefore of the opinion that the judgment should be affirmed upon both appeals, and it is so ordered.