## Reamer's Executor et al. v. Coleman, State Auditor.

(Decided November 16, 1928.)

### Appeal from Franklin Circuit Court.

1. Pleading.—On demurrer to petition the allegations thereof must be taken as true.
2. Taxation.—Where testatrix by virtue of codicil to will acknowledged existence and amount of debt to nurse and requested its payment, the sum paid thereunder did not constitute a taxable bequest under Ky. Stats., sec. 4281a1, though portion of debt, in absence of written acknowledgment, was barred by statute of limitations.
3. Limitation of Actions.—Statutes of limitation operate on the remedy only and do not extinguish the debt; hence the bar of statute may be removed by a new promise to pay the debt, which may be either oral or in writing, in absence of statute requiring new promise to be in writing and signed by debtor.

ROWAN HARDIN for appellants.

J. W. CAMMACK, Attorney General and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Mrs. Anna C. Reamer died testate in September, 1926, a resident of Jefferson county, Ky. The appellant Ophelia Hay, a graduate nurse, resided with Mrs. Reamer from 1897 until the latter's death, and during that period of time rendered services as nurse and companion under an agreement she claims was entered into between her and Mrs. Reamer by the terms of which appellant was to receive a salary at the rate of $150 a

month. No part of this salary was paid to appellant during the lifetime of Mrs. Reamer, but on November 6, 1924, Mrs. Reamer executed a holographic codicil to her will, in which she admitted the indebtedness to appellant and directed its payment out of her estate. The codicil, in so far as it is material to this controversy, reads:

"This is a codicil to my will now in the possession of the Fidelity Trust Company. I want first of all that Ophelia Hay to be paid her full salary from 1897. I have not paid her any salary during the period that should be paid to her at the rate of $150 per month from this time. I mean that this is not to interfere in any way with anything I have left her in my will."

In the original will appellant is bequeathed $50,000. The appellant Fidelity & Columbia Trust Company was named executor in the will and qualified as such.

The appellant Ophelia Hay made her proof of claim for her services for the period from July, 1897, to September, 1926, or 29 years and 2 months, at the rate of $150 per month, and amounting to $52,500. The claim was verified by Miss Hay and H. D. Cornwall, who is named in the will as one of the two residuary legatees. The claim was filed with the executor and paid by it as a debt against the estate.

The executor offered to pay to the state tax commission the inheritance tax due on the $50,000 bequest made to Miss Hay in the original will of Mrs. Reamer, but in its report to the state tax commission treated the claim of Miss Hay of $52,500 as a debt against the estate and not subject to an inheritance tax. The state tax commission declined to allow this sum as a debt against the estate, but claimed that it was a taxable bequest under section 4281a1, Kentucky Statutes. The amount of tax claimed to be due by the state tax commission, in addition to the amount proffered, was $5,338.29, and in order to avoid interest and penalties the executor paid to the auditor, under protest, the additional amount claimed. This action was then brought in the Franklin circuit court, in which the plaintiffs, now appellants, sought a writ of mandamus commanding the defendant, Clell Coleman, as auditor of the state of Kentucky, to draw his warrant upon the treasurer of the state of Kentucky in favor of the plaintiff Fidelity & Columbia Trust Com-

pany, executor of the last will of Anna C. Reamer, deceased, in the sum of $5,338.29.

A demurrer to the petition was sustained, and plaintiffs filed an amended petition, which alleged in substance that the plaintiff Ophelia Hay originally was employed as a trained nurse by the decedent, Anna C. Reamer, to nurse her husband, who was an invalid, and that she did nurse decedent's husband until his death, and that upon his death decedent requested the plaintiff to remain with her, and, in addition to her services as trained nurse, to render decedent such other services as companion that she might require. The petition further alleged that this agreement was to continue in effect so long as it should be agreeable to both of the parties, and that decedent agreed to pay plaintiff the sum of $150 per month so long as plaintiff remained with her. It further alleged that plaintiff remained with Mrs. Reamer continuously from the date of the contract until the death of Mrs. Reamer, and during all of that time rendered to the decedent all of the services required by her as nurse and companion, and that at the time of the death of Mrs. Reamer no part of the salary agreed upon had been paid to plaintiff; that it was understood that if the salary should not be paid during the lifetime of Mrs. Reamer it should be paid at her death, and that the codicil to the will of Mrs. Reamer was written by her for the purpose of acknowledging the debt and directing its payment in full.

A demurrer to the amended petition was sustained, and the motion of the plaintiffs for a writ of mandamus against the defendant, Clell Coleman, auditor of the state of Kentucky, was overruled, and from the judgment dismissing the petition as amended, the plaintiffs have appealed.

It is the contention of appellants that the quoted provisions of the paper denominated a codicil to Mrs. Reamer's will are not of a testamentary nature, but merely amount to a direction to pay a debt the existence and amount of which are acknowledged by the debtor, and that therefore no inheritance tax is due the commonwealth by reason of this transaction. On the other hand, it is insisted for appellee that the $52,500 in question passed by will.

Section 4281a1, Kentucky Statutes, provides that all property which shall pass by will from any person who may die seized or possessed of the same while a resident

of this state is subject to a tax for the general use of the commonwealth.    Section 4281a1, subsec. 5, Kentucky Statutes, 1928 Supplement, reads:

"In the event it shall appear, either from the will of the decedent or from extrinsic evidence that an obligation of a contractual nature exists in favor of any person, payable at or after death of the decedent, said sum so payable shall be treated for the purposes of this action as a taxable transfer, unless it shall affirmatively appear by competent evidence that a consideration substantially equivalent in value to the amount so due under said contract was paid or furnished by or for the other party thereto during the life of the decedent, provided that the proceeds of a life insurance policy which is payable to a designated individual or individuals shall not be subject to the inheritance taxes provided for in this act."

Taking as true the allegations of the petition as amended, as we must on demurrer, the appellant Ophelia Hay was first employed to nurse Mrs. Reamer's husband. After his death Mrs. Reamer employed her both as nurse and companion at an agreed salary of $150 per month. Appellant rendered the services for a period of more than 29 years, and during that period was paid no part of her salary. At the time of Mrs. Reamer's death she was indebted to appellant in the sum of $52,500 for services rendered under the contract made in 1897; but in the absence of any acknowledgement of the debt by Mrs. Reamer, most of it would have been barred by the statute of limitations and appellant could only have recovered for her services for a period of 5 years immediately preceding decedent's death.

It is insisted for appellee that by reason of the statute of limitations Miss Hay could only have recovered the salary she claims was due her for a period of 5 years, her salary for the remaining 24 years being barred and not a valid claim against the estate, and that in order to collect the major portion of the $52,500 she must rely upon the will.    From this it is argued that, since the major portion of the claim was not enforceable at law, its acknowledgement by Mrs. Reamer amounted legally to a gift and it in effect passed by will.    In making this contention counsel for appellee misinterpret the effect of the statute of limitations.    The statute does not invali-

date the debt, but merely renders it unenforceable. The debt is still in existence, but until the bar of the statute of limitations is removed no legal method for its collection is available to the creditor. Graves v. Graves' Ex'rs, 2 Bibb 207, 4 Am. Dec. 697; Commonwealth v. McGowan, 4 Bibb 62, 7 Am. Dec. 737; Louisville & Nashville R. Co. v. Smith, 125 Ky. 336, 101 S. W. 317, 31 Ky. Law. Rep. 1, 128 Am. St. Rep. 254. As said in 17 R. C. L. 891: "Statutes of limitations operate on the remedy only and do not extinguish the debt." The bar of the statute of limitations may be removed by a new promise to pay the debt and a new promise may be either oral or in writing, there being no statute in this state requiring the new promise to be in writing signed by the debtor. The acknowledgement of the debt barred by limitations restores the remedy of collection by suit, and the fact that the acknowledgement is made in a testamentary paper does not alter the character of the debt. In this case, if Mrs. Reamer had acknowledged the existence and amount of the debt in a paper not of a testamentary nature, the result would have been the same. The bar of the statute of limitations would have been removed, and the executor could have been compelled to pay the claim.

Appellee places considerable reliance upon the case of In re Gould's Estate, 156 N. Y. 423, 51 N. E. 287, but the facts in that case distinguish it from this case. There the testator, Jay Gould, shortly before his death, agreed with his son, George Gould, that the value of the latter's services in managing his father's business for a number of years amounted to $5,000,000, and that the father was indebted to the son to that extent. Jay Gould thereupon made a will reciting the facts respecting the services the son had rendered him and fixing their value at the agreed amount and providing for its payment out of certain securities mentioned. In holding that the property passed by will and that the bequest was subject to a legacy tax, the court said, after quoting the New York statute which imposes a tax upon the transfer of any property when the transfer is by will:

"It will be noted that the imposition of the tax is not limited to property gratuitously given by will, but is extended to all property so transferred. Was not the property mentioned in this codicil transferred by will? Certainly it was, for the title to the bonds and stocks described in the codicil was taken

away from the estate of Jay Gould and vested in George J. Gould under and by virtue of the second codicil of the will and such property is, therefore, taxable under the express provisions of this statute.''

It will be observed that title to specific securities passed to George Gould by virtue of the will and that he elected to take under the will the property named therein in satisfaction of the debt. In the instant case no title to any specific property passed to Miss Hay by virtue of the codicil to the will. In the codicil Mrs. Reamer merely acknowledged the existence and amount of the debt and directed the executor to pay it. It was clearly her intention to discharge a subsisting obligation and not to confer a bounty. The petition as amended stated a cause of action, and the demurrer thereto should have been overruled.

It is suggested by counsel for appellee that such a conclusion will open the door to fraud and permit persons owning large estates to state in their wills that they are indebted to those they wish to make beneficiaries and to evade the payment of an inheritance tax. By the provisions of section 4281a1, subsec. 5, Kentucky Statutes, quoted supra, any sum payable at or after the death of the decedent under a contract shall be treated as a taxable transfer unless it shall affirmatively appear by competent evidence that a consideration substantially equivalent in value to the amount so due under such contract was paid or furnished by or for the other party during the life of the decedent. This section of the statute prevents the suggested evasion of the provivsions of the inheritance tax act.

Judgment is reversed, with directions to overrule the demurrer to the petition as amended and for further proceedings consistent herewith.