## Piney Oil & Gas Company v. Allen et ux.

(Decided October 28, 1930.)

768

COMBS & COMBS for appellant.

MAY & ALLEN for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The Piney Oil & Gas Company instituted an action against Guyles Allen and wife to recover $750 previously paid to them upon an oil and gas lease. The action was dismissed upon demurrer to the petition, and the plaintiff has prosecuted an appeal.

It appeared from the allegations of the petition that the defendants had executed and delivered to the plaintiff an oil and gas lease for the recited "consideration of $600.00 in hand paid." The land leased was described by reference to the adjoining owners and the boundary was said to contain "300 acres more or less." The lease contained a condition to the effect that if drilling was not commenced by a specified date all rights granted by it should cease and determine unless a payment of $150 was made. Such a payment, if made, should operate as a rental for a fixed period, and pay for the privilege of deferring for three months development of the leased land. At the expiration of each period of extension made, a like privilege of payment and postponement of drilling would recur. The lessee could prolong the lease for an indefinite number of periods by conforming to the condition, but otherwise it terminated by its own terms. The plaintiff paid a bonus of $2 per acre for the lease, and the payments for extensions were predicated upon the

assumed acreage stated in the lease on the basis of 50 cents per acre for each extension of the time to drill. The land was later surveyed and found to contain only 127.93 acres, a shortage of about 34 per cent. in the acreage mentioned in the lease. The plaintiff in this action sought to recover the portion of the consideration paid for the acreage it did not get. It also appeared that plaintiff had not drilled during the initial life of the lease, but had met the condition of extension by paying to the defendants $150 each for nine renewals of the lease, amounting altogether to $1,350. It was sought by plaintiff also to recover the rental paid in excess of 50 cents per acre for the actual acreage for each of the nine renewals. Thus two distinct items were set up by the plaintiff as the basis for its action.

It is settled that a vendee of real estate, when the purchase price is measured by the acre, may recover for a deficiency in quantity, and, when the sale is in gross, recovery is allowed if the shortage is 10 per cent. or more. Anthony v. Hudson, 131 Ky. 185, 114 S. W. 782, 133 Am. St. Rep. 231; Boggs v. Bush, 137 Ky. 95, 122 S. W. 220; Salyer v. Blessing, 151 Ky. 459, 152 S. W. 275; Hartsfield v. Wray, 181 Ky. 836, 205 S. W. 965; Beckley v. Gilmore, 192 Ky. 748, 234 S. W. 459; Wiggington v. Holbrook, 193 Ky. 805, 237 S. W. 1063; Chilton v. Head, 193 Ky. 768, 237 S. W. 422; Barton v. Jones, 206 Ky. 238, 267 S. W. 214.

It is also settled that an oil and gas lease creates an interest in real estate, and is governed by the principles of law applicable to land. Wolfe County v. Beckett, 127 Ky. 252, 105 S. W. 447, 32 Ky. Law Rep. 167, 17 L. R. A. (N. S.) 688; Beckett-Iseman Co. v. Backer, 165 Ky. 816, 178 S. W. 1084; Rader v. Shaffer, 186 Ky. 802, 218 S. W. 292; Kash v. United Star Oil Co., 192 Ky. 422, 233 S. W. 898; Lowther v. Schierich, 195 Ky. 177, 241 S. W. 834; Gray-Mellon Oil Co. v. Fairchild, 219 Ky. 143, 292 S. W. 743; Shadoin v. Sellars, 223 Ky. 751, 4 S. W. (2d) 717; Wakenva Coal Co. v. Johnson, 234 Ky. 558, 28 S. W. (2d) 737.

The principles respecting recovery for deficiencies in acreage apply equally to transactions in mineral leases. Cecil v. Knox, 195 Ky. 214, 242 S. W. 26.

The lease in this case does not show that the consideration paid was based upon the acreage covered, but the averment in the petition to that effect was admitted as true for the purposes of the demurrer. Norman v.

Kentucky Board of Managers, 93 Ky. 537, 20 S. W. 901, 14 Ky. Law Rep. 529, 18 L. R. A. 556; Reamer's Ex'r v. Coleman, 226 Ky. 301, 10 S. W. (2d) 1095.

The true consideration for a conveyance may be shown by extraneous evidence, even though it contradicts or varies the terms respecting that matter employed in the deed. Section 472, Ky. St.; Gordon v. Gordon, 1 Metc. 287; Steele v. Hinkle, 205 Ky. 408, 265 S. W. 931.

It is apparent, therefore, that the petition stated a good cause of action for the recovery of a portion of the consideration paid for the property.

Different considerations control the disposition of the question concerning the payment of delay rentals. The covenants and conditions in the conveyance constituted a written contract between the parties. Such provisions are not open to attack in the manner allowed respecting the consideration of a contract. They may not be varied, contradicted, or altered upon oral testimony, except under an allegation of facts manifesting some ground sufficient to authorize reformation of a writing. Clark v. Fergerson, 231 Ky. 36, 20 S. W. (2d) 13.

Whilst it is alleged in the petition that a mistake was made regarding the acreage, it is not averred that the mistake was mutual, nor does it assert any other facts that would authorize a reformation of the lease. Scott v. Spurr, 169 Ky. 575, 184 S. W. 866; Denney v. Crabtree, 194 Ky. 185, 238 S. W. 398; Insurance Co. v. Evans, 229 Ky. 613, 17 S. W. (2d) 711.

The terms of the contract required a particular payment to extend the time for drilling, and if the condition was not performed either by drilling or by paying the contract ended. Much reliance is rested upon the decision of this court in Wells v. Shadoin, 202 Ky. 456, 260 S. W. 12, where it was decided that an overpayment of delay rentals made under a mistake as to the acreage prevented a lapse of the lease so long as the total payments exceeded or equalled the amount actually accrued. The condition respecting rentals in the lease there involved was to pay at the rate of 25 cents per acre annually, and neither contradiction, alteration, nor variation of its terms was involved in a calculation of the correct amount required to satisfy the condition. There the contract was to pay according to acreage, whilst here the condition was that a lump sum be paid, without reference to the acreage.

The contention that the lease itself permitted the recovery of the excess rentals is based upon a provision

to the effect that if the lessor's interest in the land leased should be less than a fee-simple estate, the royalties and rentals should be paid in the proportion the actual interest owned bore to the whole title. That provision has no bearing on the question of quantity of land leased. It concerns the character of title owned by the lessors, and is not addressed to the acreage covered by the lease. No claim is made that the title of appellees to the land was less than a fee-simple estate. The provision was that the rentals and royalty should be paid in such proportion as the title might turn out to be held, but not that a shortage in the acreage assumed would reduce the rental contemplated by the contract.

It is clear, therefore, that the petition failed to state a cause of action for the recovery of any portion of the payments made in performance of the conditions to obtain the various extensions of the right to drill upon the leased land.

The judgment is reversed, with directions to overrule the demurrer to the petition, and for further proceedings not inconsistent with this opinion.