

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 5, 1967

Honorable Henry Wade
District Attorney
Dallas, Texas

Dear Sir:

Opinion No. M-67

Re: Whether, under the stated facts, a promotion program known as "Texas Treasure Hunt" constitutes a lottery.

Your opinion request on the above captioned subject reads, in part, as follows:

"A local soft drink bottling company has recently begun a promotion program which, according to posted advertising, operates substantially as follows:

Under the cork liner of the bottle crowns are pictures of a 'famous Texas landmark or a Texas Treasure', ranging from motorbikes, TV sets, cameras and record albums to cartons and bottles of soft drinks. Anyone finding a 'Treasure' under the cork may surrender it to the plant and receive whatever is pictured. Free crowns are available from the route salesman, the retail dealer or the local plant. The advertising further stipulates that the 'Offer can be withdrawn without notice and is void where prohibited by law.'

A copy of some of the advertising material referred to above is enclosed herewith for your consideration."

In the advertising material enclosed with your request we find, among other things, the statements "nothing to buy! Treasure caps are everywhere!" Also, "No purchase necessary! . . . Treasure caps are where you find them." From a recent newspaper advertisement of this promotion program we find the statements "Here's all you do: Just peel the cork from under the bottle cap, if a prize-winning picture is under there, take or mail this prize-winning picture to: . . . Bottling Company, Austin, Texas. NOTHING TO BUY! BOTTLE CAPS ARE EVERYWHERE! You can also get one from any . . . route salesman, or at the Austin . . . plant . . . also available at your local

dealer." Also the following: "NOTICE Mr. Dealer! Crowns that say 'one free carton' will you please redeem -- we will redeem these crowns from you -- ask our salesman. Other prizes will be redeemed at . . . plant. /Here the local address is given/. All prizes not claimed by July 1, 1967, will be null and void."

It now seems settled in this state that only three elements are essential to constitute a lottery within the purview of Article 654, Vernon's Penal Code of Texas, viz:

(1) A prize or prizes.
(2) An award or distribution of a prize or prizes by chance, and
(3) Payment, either directly or indirectly, by participants of a consideration for the right or privilege of participating.

In most schemes or programs of the type here presented, the first two elements of a lottery next hereinabove listed are normally present and the paramount question usually presented is the determination of the third element, i.e., whether there is payment by the participants of consideration, either directly or indirectly, for the right or privilege of participating. In view of the language of the opinion of Brice v. State, 242 S.W. 2d, 433 (Tex. Crim. App. 1951), and Attorney General's opinions WW-934, WW-652 and M-6, it seems clear that any such program providing that anyone may participate without the necessity of a purchase, and given reasonable opportunity to register or otherwise become eligible at each of the participating stores, does not constitute a lottery as that term is defined in said Article 654, Vernon's Penal Code of Texas.

Since these caps are available without charge, we believe that the reasoning in Brice v. State, supra, applies and that the program known as "Texas Treasure Hunt" is not a lottery.

## SUMMARY

The promotion program known as "Texas Treasure Hunt", conducted in accordance with the facts stated, does not constitute a lottery within the purview of Article 654, Vernon's Penal Code of Texas.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Honorable Henry Wade, Page 3, (M-67)


Prepared by Robert L. Lattimore and
Monroe N. Clayton, Assistant Attorneys
General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Sam Kelley
Robert Owen
John Banks
Jack Sparks

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.